[Civ. No. 49054. First Dist., Div. Four. July 29, 1980.]

MILL VALLEY REFUSE COMPANY et al., Petitioners, v.
THE SUPERIOR COURT OF MARIN COUNTY, Respondent;
JULIA DIAS, Real Party in Interest.

COUNSEL

James D. Biernat and Richard B. Barrett for Petitioners.

No appearance for Respondent.

L. Lawrence Bernheim, Spridgen, Barrett, Achor, Luckhardt, Anderson & James, F. Elaine Malisch and Michael G. Watters for Real Party in Interest.

OPINION

**CALDECOTT, P. J.**—We are concerned on this petition with two joint tortfeasors each of whom settled in good faith with the plaintiff in the underlying action before verdict or judgment. The question presented is whether Code of Civil Procedure section 877, subdivision (b) protects each tortfeasor from contribution or comparative indemnity from the other tortfeasor. We hold that each tortfeasor is protected.

The accident which gave rise to the subject action occurred on December 2, 1977. Catherine Chasse, the plaintiff, was a passenger in an automobile driven by cross-complainant Julia Dias, which collided with a Mill Valley Refuse Company truck driven by Benjamin Guice. Catherine Chasse filed her complaint on July 21, 1978. The complaint named as defendants Mill Valley Refuse Company, Benjamin Guice and Julia Dias. Julia Dias filed a cross-complaint against Mill Valley and Benjamin Guice on August 23, 1978, for equitable comparative indemnity.

On or about August 14, 1979, Julia Dias settled the claim of the plaintiff against her for $13,000. On September 27, 1979, apparently the day set for trial, the refuse company and Benjamin Guice settled with plaintiff for $5,000.

On January 18, 1980, petitioners Mill Valley Refuse Company and Benjamin Guice filed a motion for summary judgment on the ground that the cross-complaint of Julia Dias, was barred by Code of Civil Procedure section 877, subdivision (b).

The motion for summary judgment was denied by the trial court on or about February 11, 1980, in an order citing *Weiss* v. *Field* (Cal.App.).

Mill Valley Refuse Company and Benjamin Guice[1] filed this petition for a writ of mandate, naming Dias as real party in interest and asking that this court direct respondent superior court to dismiss a cross-complaint for indemnity against them on the ground that under the provisions of Code of Civil Procedure section 877, subdivision (b), their settlement with the plaintiff discharges them from any contribution to any other tortfeasor.

Code of Civil Procedure section 877, subdivision (b) provides: "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort—. . . [¶] (b) It shall discharge the tortfeasor to whom

---

[1]For convenience we will consider the owner of the truck, Mill Valley Refuse Co., and its driver, Benjamin Guice, as a single party.

it is given from all liability for any contribution to any other tortfeasors."

*Stambaugh* v. *Superior Court* (1976) 62 Cal.App.3d 231 [132 Cal. Rptr. 843], held that the principles of comparative negligence enunciated in *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], did not modify the rule of subdivision (b) of section 877. Accordingly, the court granted a writ of mandate, where the trial court had denied a motion for summary judgment on a cross-complaint made by a tortfeasor who had settled with the plaintiff.

The court in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], cited *Stambaugh* with approval in reasoning that section 877 did not preclude the adoption of comparative partial indemnity. There the court stated at page 604: "Thus, while we recognize that section 877, by its terms, releases a settling tortfeasor only from liability for contribution and not partial indemnity, we conclude that from a realistic perspective the legislative policy underlying the provision dictates that a tortfeasor who has entered into a 'good faith' settlement (see *River Garden Farms, Inc.* v. *Superior Court, supra*, 26 Cal.App.3d 986 [103 Cal.Rptr. 498]) with the plaintiff must also be discharged from any claim for partial or comparative indemnity that may be pressed by a concurrent tortfeasor. As the Court of Appeal noted recently in *Stambaugh* v. *Superior Court* . . . [*supra*] 62 Cal.App.3d 231, 236 . . .: 'Few things would be better calculated to frustrate [section 877's] policy, and to discourage settlement of disputed tort claims, than knowledge that such a settlement lacked finality and would lead to further litigation with one's joint tortfeasors, and perhaps further liability.' This observation is as applicable in a partial indemnity framework as in the contribution context. Moreover, to preserve the incentive to settle which section 877 provides to injured plaintiffs, we conclude that a plaintiff's recovery from nonsettling tortfeasors should be diminished only by the amount that the plaintiff has actually recovered in a good faith settlement, rather than by an amount measured by the settling tortfeasor's proportionate responsibility for the injury. (See Fleming, *Forward: Comparative Negligence At Last—By Judicial Choice* (1976) 64 Cal.L.Rev. 239, 258-259.)"

The case of *Sears, Roebuck & Co.* v. *International Harvester Co.* (1978) 82 Cal.App.3d 492 [147 Cal.Rptr. 262], relied on by real party

in interest, in no way affects the decision of *Stambaugh*.[2] *Sears, Roebuck & Co.* involved a tortfeasor, who settled with the plaintiff in the underlying action, seeking indemnity from a tortfeasor who had not settled.

Real party's argument is that a codefendant may not terminate its liability for partial indemnity by settling with plaintiff *if that liability extends to a prior-settling defendant.* In other words, real party wishes to impose a condition on the operation of section 877, subdivision (b), that is not provided by the language of that section. The only limitation imposed by the section is that the settlement be in good faith. Real party did not contend below, and does not contend here, that petitioners' settlement with plaintiff was not in good faith.

The policy of section 877 is to encourage settlements. The court in *Stambaugh* remarked: "Except in rare cases of collusion or bad faith, such as were claimed in *River Garden Farms, Inc.* v. *Superior Court, supra,* 26 Cal.App.3d 986, and *Lareau* v. *Southern Pac. Transportation Co., supra,* 44 Cal.App.3d 783 [118 Cal.Rptr. 837], a joint tortfeasor should be permitted to negotiate settlement of an adverse claim according to his own best interests, whether for his financial advantage, or for the purchase of peace and quiet, or otherwise." (*Id.,* at p. 238.) The policy favoring settlement of litigation would not be enhanced by limiting the advantage of section 877, subdivision (b) as real party suggests. Such a limitation would put a premium on settling quickly but its encouraging effect would begin dissipating after the first defendant had settled and would continue dissipating until the last defendant who would receive no encouragement toward settlement from the statute.

It is concluded that the trial court erred in denying the motion for summary judgment.

A peremptory writ of mandate will issue.

Rattigan, J., and Christian, J., concurred.

---

[2]Real party also cites *Weiss* v. *Field, supra,* (Cal.App.), as did the trial court. As in *Sears,* this case did not involve a cross-complaint against a settling tortfeasor. Furthermore, on March 26, 1980, the Supreme Court directed that *Weiss* not be published. We note that real party in interest's answer to the petition was filed prior to March 26, 1980.