[No. A018202. First Dist., Div. One. Dec. 3, 1982.]

BURLINGTON NORTHERN RAILROAD COMPANY, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
JAMES R. NOYES et al., Real Parties in Interest.

COUNSEL

Peter W. Davis, John A. Reding, James C. Martin and Crosby, Heafey, Roach & May for Petitioner.

Overton, Lyman & Prince, Roger E. Hawkins and J. Douglas Post as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Bernard C. Kearns, Stephen M. Bickford, Paul N. Cyril, Elliot L. Bien, Bronson, Bronson & McKinnon, Walkup, Downing, Shelby, Bastian, Melodia, Kelly & O'Reilly, Bruce Walkup and Daniel J. Kelly for Real Parties in Interest.

McCutchen, Doyle, Brown & Enersen, David M. Heilbrown, Charles A. Ferguson, Long & Levit, Girard Fisher and Fred J. Marcus as Amici Curiae on behalf of Respondent and Real Parties in Interest.

## OPINION

**NEWSOM, J.**—Petitioner Burlington Northern Railroad Company is the defendant below in a personal injury action brought by James R. Noyes, a Burlington employee who was injured while off-duty but in the course of his employment. Petitioner seeks a peremptory writ of mandate or prohibition directing the court below to vacate its decision finding the settlement between Burlington and Noyes was not made in good faith. We grant the writ.

A perusal of the record below discloses that Noyes received a grievous, paralyzing injury when the door of a refrigeration car owned by Burlington and manufactured by real party Paccar, Inc. fell on him. Noyes and Burlington arrived at a sliding scale agreement whereby Burlington guaranteed that Noyes would receive $2 million at the end of all litigation. Paccar did not settle. When Noyes and Burlington sought a finding by the trial court that the settlement was in good faith, Paccar challenged it. The trial court agreed with Paccar and found the settlement was not made in good faith because it both ignored equitable apportionment and failed to promote settlement of litigation.

By the terms of the settlement, Noyes would continue to prosecute his case against Paccar. He can accept no settlement from Paccar for less than $2 million without the express written consent of Burlington. Should he fail to recover any amount from Paccar after a trial, or recover an amount less than $2 million, Burlington guarantees to pay him whatever amount is necessary in order that he recover $2 million. Notable, too, is a provision that Burlington, as a condition of its guarantee, reserves the right to reject a settlement between Noyes and Paccar for less than $2 million.

Under Code of Civil Procedure section 877[1] a settlement between a plaintiff and one of several joint tortfeasors before a trial verdict is rendered discharges

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

that tortfeasor from all liability for any contribution to any other tortfeasors. Section 877.5 requires that any sliding scale recovery agreement by one or more but not all tortfeasors be disclosed to the court where the action is pending. Section 877.6 allows any party to an action in which a proposed settlement will affect the plaintiff and one or more but not all joint tortfeasors to require a hearing on the good faith of the settling parties.

In *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], our Supreme Court held that while, by its terms, section 877 released a settling tortfeasor only from liability for contribution and not for partial indemnity, logical necessity dictates that a good faith tortfeasor who settles must be freed from any indemnity claims made by a joint tortfeasor. Quoting *Stambaugh* v. *Superior Court* (1976) 62 Cal.App.3d 231, 236 [132 Cal.Rptr. 843], the court offered this rationale: " 'Few things would be better calculated to frustrate [Code of Civil Procedure] [section 877's] policy, and to discourage settlement of disputed tort claims, than knowledge that such a settlement lacked finality and would lead to further litigation with one's joint tortfeasors, and perhaps further liability.' " (20 Cal.3d at p. 604.)

■ It is clear, then, that a settlement between a plaintiff and one or more but not all of several joint tortfeasors may allow those who settle to later escape the obligation of indemnifying nonsettling joint tortfeasors. (*Cardio Systems, Inc.* v. *Superior Court* (1981) 122 Cal.App.3d 880, 890 [176 Cal.Rptr. 254][2]; *Dompeling* v. *Superior Court* (1981) 117 Cal.App.3d 798, 808-809 [173 Cal. Rptr. 38].) While inequity may result, it has been thought that the policy of encouraging settlement, and of removing at least the settling party from the case, would suffer serious impairment if it were subordinated to a policy requiring equitable apportionment. (*Fisher* v. *Superior Court* (1980) 103 Cal.App.3d 434, 446 [163 Cal.Rptr. 47]; *Stambaugh* v. *Superior Court, supra,* 62 Cal. App.3d 231, 236.)

■ The Legislature has decreed that the only condition to releasing a settling joint tortfeasor from liability for contribution to nonsettling tortfeasors, is that the settlement be made in *good faith*. (*Mill Valley Refuse Co.* v. *Superior Court* (1980) 108 Cal.App.3d 707, 711 [166 Cal.Rptr. 687].) Here, the trial court, taking a narrower view than has traditionally been taken of the meaning of "good faith," has found that element absent because the sliding scale settlement ignores equitable apportionment and promotes the continuation of litigation at least as between Noyes and Paccar.

We cannot agree that good faith is absent whenever in sliding scale agreements equitable apportionment or final settlement of litigation are not

[2] In *Cardio Systems,* the Court of Appeal laments the inequity but expressly leaves it to the Legislature to rectify it. (122 Cal.App.3d at p. 890.)

achieved. (*Fisher* v. *Superior Court, supra,* 103 Cal.App.3d at p. 445; *River Garden Farms, Inc.* v. *Superior Court* (1972) 26 Cal.App.3d 986, 997 [103 Cal.Rptr. 498].) Rather, the requirement of good faith is meant to insure that the settling parties do not *tortiously* injure the nonsettling parties. "Bad faith is not established by a showing that a settling defendant paid less than his theoretical proportionate or fair share of the value of plaintiff's case. . . . [¶] . . . A settling defendant does not owe a legal duty to adverse parties, the nonsettling defendants, to pay the plaintiff more so that the adverse parties may pay the plaintiff less." (*Dompeling* v. *Superior Court, supra,* 117 Cal.App.3d at p. 809.) Neither does the plaintiff owe a duty to the nonsettling defendants to seek more from the settling defendants so that the nonsettling defendants may pay less. The settling parties are only bound to refrain from tortious or other wrongful conduct against the nonsettling parties. (*Dompeling* v. *Superior Court, supra,* at p. 809; *Cardio Systems, Inc.* v. *Superior Court, supra,* 122 Cal.App.3d 880, 890.)

The trial court's conclusion that the settlement is against public policy has, of course, considerable logical and equitable support.[3] Under the terms of the settlement Paccar cannot now settle with Noyes for less than $2 million without the approval of Burlington. Noyes' position vis-à-vis Paccar has become firm: he will not settle for less than $2 million. In consideration of his not maintaining the action against Burlington, he has accepted Burlington's guaranty that he will ultimately receive $2 million. Paccar may pay Noyes $2 million or go to trial, the result of which may be that Paccar will escape liability altogether or be found liable for an amount greater than $2 million.

While in either case Paccar is precluded from seeking a contribution from Burlington, if Paccar is found liable for less than $2 million, Burlington will be liable up to that sum; and if Burlington is compelled to pay Noyes, it can seek indemnity from Paccar, since it is established that a settling tortfeasor is not prohibited from seeking indemnity from a nonsettling tortfeasor. (*Sears, Roebuck & Co.* v. *International Harvester* (1978) 82 Cal.App.3d 492 [147 Cal. Rptr. 262].)

The fairness of such a result seems highly debatable, but the question of public policy is in our view solely a legislative matter. Our courts have regularly upheld settlements found free of tortious effect on the nonsettling party, irrespective of their overall fairness. (*Fisher* v. *Superior Court, supra,* 103 Cal. App.3d at p. 444; *Cardio Systems, Inc.* v. *Superior Court, supra,* 122 Cal. App.3d at pp. 889-890.) Here the trial court expressly found no specific tortious conduct directed toward Paccar, a finding equivalent to the finding of good faith required by statute. Instead, the court found that the sliding scale

---

[3]We have had the benefit of the trial judge's carefully reasoned memorandum opinion, containing a detailed analysis of the reasons for his conclusions.

agreement completely ignored Paccar's interests. Given the legislative approval of sliding scale agreements, however, the trial court's finding of unfairness cannot support a conclusion that the settlement was not made in good faith. This is so even where a nonsettling tortfeasor has been required to pay the entire compensation, without contribution or indemnity from the settling joint tortfeasor. (*Cardio Systems, Inc.* v. *Superior Court, supra,* 122 Cal.App.3d 880.)

Accordingly, let a peremptory writ of mandate issue directing the court below to vacate its decision and enter its finding that the settlement between Noyes and Burlington was made in good faith.

Racanelli, P. J., and Elkington, J., concurred.

A petition for a rehearing was denied December 31, 1982, and the petition of real party in interest Paccar for a hearing by the Supreme Court was denied February 16, 1983.