[Civ. No. 67695. Second Dist., Div. Three. Feb. 2, 1984.]

NORTHROP CORPORATION, Cross-complainant and Appellant, v.
STINSON SALES CORPORATION, Cross-defendant and Respondent.

654

COUNSEL

Shields, Anderson & Garrison and Jerry B. Riseley for Cross-complainant and Appellant.

George H. Ellis and Jeffrey Laufenberg for Cross-defendant and Respondent.

## OPINION

**DANIELSON, J.**—Cross-complainant and appellant Northrop Corporation (Northrop) appeals from a judgment of the superior court made pursuant to an order granting cross-defendant and respondent Stinson Sales Corporation's (Stinson) motion for summary judgment and dismissing with prejudice Northrop's cross-complaints for indemnity, contribution, and declaratory relief against Stinson in a personal injury action brought by Robert and Alinamaria Stremple (the Stremples) and Lincoln L. McGraw (McGraw) (hereinafter jointly referred to as plaintiffs).[1]

### STATEMENT OF THE CASE

Plaintiffs Robert Stremple and McGraw, painters employed by a subcontractor and working at Northrop, were injured when the structural painter's

---

[1]The trial court made its minute order granting Stinson's motion for summary judgment on January 11, 1982, and made a formal order to the same effect on February 16, 1982. On January 19, 1982, Northrop filed its notice of appeal. The judgment appealed from was not made and entered until January 19, 1984, nunc pro tunc as of February 16, 1982. In the interests of judicial economy and to avoid delay, we treat the premature notice of appeal as having been filed immediately after entry of the judgment. (Cal. Rules of Court, rule 2 (c).)

plank upon which they were standing collapsed, and they fell over 30 feet to the ground. All plaintiffs brought their own actions against defendants Stinson, a provider of structural planks, Northrop, and fictitious named defendants. Stinson and Northrop each cross-complained against the other for indemnity, contribution, and declaratory relief. The actions were consolidated for all further proceedings by order of the superior court.

Stinson subsequently moved for summary judgment against plaintiffs declaring that it had no connection with the subject plank. Counsel for plaintiffs then contacted Stinson's counsel and offered to execute requests for dismissal in exchange for Stinson's waivers of costs. Thereafter, requests for dismissal were executed by plaintiffs as to Stinson, were filed in the case, and dismissals with prejudice, as to Stinson only, were entered thereon.[2]

When Northrop refused to dismiss its cross-complaint, following Stinson's settlement with plaintiffs, Stinson moved for summary judgment against Northrop pursuant to Code of Civil Procedure sections 437c and 877.[3] Northrop opposed the motion, which was argued and submitted on December 21, 1981. On January 11, 1982, the court made its minute order granting Stinson's motion and on February 16, 1982, made a formal order to the same effect.

On January 19, 1984, nunc pro tunc as of February 16, 1982, a judgment for Stinson was entered on the order granting Stinson's motion for summary judgment, and Northrop's cross-complaints were ordered dismissed with prejudice.

CONTENTION

In essence, Northrop contends that the trial court erred in granting Stinson's motion for summary judgment because there existed triable issues of material fact raised by its cross-complaint and also as to the good faith settlement between plaintiffs and Stinson.

DISCUSSION

A motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (§ 437c, subd.

---

[2]Stremple's request for dismissal was filed on November 20, 1981, and McGraw's on November 24, 1981.

[3]All statutory references are to the Code of Civil Procedure unless otherwise specified.

(c).) "The motion shall be supported or opposed by affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken." (*Id.*, subd. (b).)

■ A dismissal given in good faith to an alleged tortfeasor prior to a judicial determination of liability, discharges that tortfeasor from all liability for contribution or equitable indemnity to any other joint tortfeasor. (§ 877; *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 603-604 [146 Cal.Rptr. 182, 578 P.2d 899].)

■ Although a motion for summary judgment is a proper procedure to dispose of a cross-complaint for contribution or indemnity following a good faith settlement (*Mill Valley Refuse Co.* v. *Superior Court* (1980) 108 Cal.App.3d 707 [166 Cal.Rptr. 687]; *Stambaugh* v. *Superior Court* (1976) 62 Cal.App.3d 231 [132 Cal.Rptr. 843]), that motion cannot be granted when a factual question exists concerning the existence or the validity of a settlement. (*Mancina* v. *Hoar* (1982) 129 Cal.App.3d 796, 797 [181 Cal.Rptr. 347].) Issue finding rather than issue determination is the pivot upon which the summary judgment law turns. (*Walsh* v. *Walsh* (1941) 18 Cal.2d 439, 441 [116 P.2d 62].) "Good or bad faith [of a settlement] is a question of fact in each case. [Citation.] Only a trial court may reach a decision [as to good faith], guided by the evidentiary material presented to it." (*River Garden Farms, Inc.* v. *Superior Court* (1972) 26 Cal.App.3d 986, 998 [103 Cal.Rptr. 498]; accord *Dompeling* v. *Superior Court* (1981) 117 Cal.App.3d 798, 806 [173 Cal.Rptr. 38].)

Since the issue of whether a release or dismissal under section 877 is given "in good faith" is always a question of fact, a motion for summary judgment, which cannot decide questions of fact, cannot reach and determine that issue.

In 1980 the Legislature enacted section 877.6 (eff. Jan. 1, 1981), which provides a specific procedure for the determination of the issue of good faith in a settlement with one or more tortfeasors. That procedure provides for a hearing on the issue of good faith and permits the court to determine the issue on the basis of affidavits and such other evidence as the court, in its discretion, may receive at the hearing.[4]

■ The proper procedure in cases where the good faith of a section 877 settlement is questioned is to move for a hearing to determine that issue

---

[4]Section 877.6 appears to be our Legislature's response to the decision in *Fisher* v. *Superior Court* (1980) 103 Cal.App.3d 434, 438-439 [163 Cal.Rptr. 47], in which the court said that the issue of the good faith of a settlement with one or more tortfeasors should be tried separately, upon the motion of any party, and as soon after the settlement as the court's calendar permits.

pursuant to section 877.6. Any party to the underlying action may so move.[5] If it is determined that the settlement was made in good faith, a motion for summary judgment dismissing the settling defendant from the action and discharging that defendant from further liability arising out of the principal lawsuit is appropriate. (*Lopez* v. *Blecher* (1983) 143 Cal.App.3d 736, 738 [192 Cal.Rptr. 190].)  ▇▇▇  In the case at bench, that procedure was not followed. In its formal order granting summary judgment, made February 16, 1982, the trial court premised its order by stating, "It appearing to the Court that there is no triable issue of any material fact respecting the Cross-Complaints of NORTHROP CORPORATION in this consolidated action, and that defendant and cross-defendant STINSON SALES CO., INC., is entitled to judgment as a matter of law dismissing those Cross-Complaints, . . ." The only thing decided was the motion for summary judgment; there was no determination as to the issue of the good faith of the settlement.

Northrop first challenges the existence of plaintiff McGraw's dismissal as to Stinson arguing that a request for dismissal was never filed. This claim is without merit. Requests for dismissal with prejudice as to Stinson only were filed, and the dismissals entered, on November 20, 1981, (Stremple) and on November 24, 1981, (McGraw) and they appear in the superior court file and the clerk's transcript on appeal.

Second, Northrop questions whether the agreement between plaintiffs and Stinson constituted a good faith settlement. As we have pointed out, *ante,* that issue has never been determined in the case at bench.

Next, as to issues pleaded in its cross-complaint, Northrop contends that Stinson was connected with the subject plank, inter alia, as supplier, repairer, and manufacturer and, in a declaration by Leo Patterson, a painter with 31-years' experience working on structural planks, offered evidence tending to support this contention. Thus, a triable issue of material fact is

---

[5]Section 877.6 provides as follows: "(a) Any party to an action wherein it is alleged that two or more parties are joint tortfeasors shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors, upon giving notice thereof in the manner provided in Sections 1010 and 1011 at least 20 days before the hearing. Upon a showing of good cause, the court may shorten the time for giving the required notice to permit the determination of the issue to be made before the commencement of the trial of the action, or before the verdict or judgment if settlement is made after the trial has commenced. [¶] (b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counteraffidavits filed in response thereto, or the court may, in its discretion, receive other evidence at the hearing. [¶] (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault. [¶] (d) The party asserting the lack of good faith shall have the burden of proof on that issue."

presented by the affidavits of the parties, which are in conflict on this issue, and the trial court erred in granting the motion for summary judgment.

Finally, assuming a connection between Stinson and the subject plank resulting in potential liability on Stinson's part, Northrop contends that the consideration given for the settlement, waivers of costs, when measured against the amount of Stinson's probable liability, is probative of bad faith. The declaration of Jerry B. Riseley tends to support this contention. This issue of good faith, as we have noted, has not been determined.

In sum, we conclude that triable issues of material fact are raised by Northrop's cross-complaint, and thus Stinson's motion for summary judgment was erroneously granted. Further, the issue of the good faith of the dismissals as between the plaintiffs and Stinson has not yet been considered and determined. It is possible that if the good faith issue is heard and determined, as provided for by section 877.6, the question of triable issues of material fact raised by the pleadings may be of no consequence.

### DECISION

The judgment is reversed.

Klein, P. J., and Lui, J., concurred.