Opinion
 

 THOMPSON, J.
 

 In Li
 
 v.
 
 Yellow Cab Co.
 
 (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], the California Supreme Court replaced the doctrine of contributory negligence, incorporated in the California statutes since the Field Code, with the principle of “pure” comparative negligence. (13 Cal.3d at pp. 814, 827.) In
 
 American Motorcycle Assn.
 
 v.
 
 Superior Court
 
 (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], the California high court explicated the application of the
 
 Li
 
 principle to the multi-party situation retaining the rule of joint liability of concurrent tortfeasors to the injured party but adopting the doctrine of equitable partial indemnity among concurrent tortfeasors on the basis of their comparative fault. (20 Cal.3d at pp. 598-599.) In
 
 Safeway Stores
 
 v.
 
 Nest-Kart
 
 (1978) 21 Cal.3d 322 [146 Cal.Rptr. 550, 579 P.2d 441], the Supreme Court extended the doctrine of equitable partial indemnity to the situation of concurrent tortfeasors held liable on the theory of products liability or on a combination of strict products liability and negligence. This appeal presents an issue not considered in
 
 Li, American Motorcycle,
 
 or
 
 Safeway.
 
 We are required to decide whether a settling concurrent tortfeasor may continue to pursue his right of partial indemnity asserted by a presettlement cross-complaint against a party not named by the plaintiff.
 

 Based upon the policy considerations which we view as underlying
 
 American Motorcycle,
 
 we conclude that the settling tortfeasor has that right. We therefore reverse a trial court judgment on the pleadings which dismisses a cross-complaint.
 

 Robbie Evelyn Naim, Linda Lou Absher, and George W. Naim sued Sears, Roebuck & Co. for the wrongful death of George A. Naim. Their complaint asserts the theories of products liability, breach of warranty,
 
 *495
 
 and negligence. The theories are interrelated and all assert liability of Sears for a defective tire which caused the decedent’s death in a truck accident. International Transport, Inc., sued Sears for property damage resulting from the same accident.
 

 Sears filed its cross-complaint against International Harvester Company seeking indemnity from the manufacturer of the truck to which the tire was affixed. The cross-complaint asserts the theories of product liability and negligence contributing to the accident. The trial court granted a judgment on the pleadings. Sears appealed from the resulting dismissal of its cross-complaint. International Harvester resists the appeal on the merits and contends also that because Sears settled the lawsuit against it with the plaintiffs while this appeal was pending, Sears is barred from seeking indemnity. Sears admits the fact of settlement in its closing brief.
 

 We note at the outset that Sears was entitled to bring International Harvester into the action by cross-complaint although the cross-defendant was not named by the plaintiffs.
 
 (American Motorcycle Assn.
 
 v.
 
 Superior Court, supra,
 
 20 Cal.3d 578, 607.)
 
 [1]
 
 Hence, the trial court erroneously granted the cross-defendant’s motion for judgment on the pleadings.
 

 There remains the issue of the right of Sears to pursue the cross-complaint, and hence this appeal, after it settled with plaintiffs. We conclude that it has that right.
 

 American Motorcycle Assn,
 
 clearly and specifically delineates the limitations upon liability of a settling concurrent tortfeasor against claims of other concurrent tortfeasors. The settling tortfeasor is “discharged from
 
 *496
 
 any claim for partial or comparative indemnity” so long as the settlement is in “ ‘good faith.’ ” (20 Cal.3d at p. 604.) By reason of the principle of joint liability declared in
 
 American Motorcycle,
 
 a nonsettling defendant remains liable for the plaintiff’s entire damage, reduced only by the percentage of the plaintiff’s negligence compared with the total of that of all concurrent tortfeasors, whether parties to the action or not, and the amount of the good faith settlement.
 
 (Id.,
 
 at p. 589, fn. 2.)
 

 Conversely,
 
 American Motorcycle
 
 and related cases are silent on the rights of the settling concurrent tortfeasors against other concurrent tortfeasors. We must, therefore, determine the quantum of those rights on the policy underpinnings of
 
 Li, American Motorcycle,
 
 and
 
 Safeway.
 

 We analyze the Supreme Court decisions as creating a hierarchy of interests. First in the hierarchy is maximization of recovery to the injured party for the amount of his injury to the extent fault of others has contributed to it. (See
 
 Li
 
 v.
 
 Yellow Cab Co., supra,
 
 13 Cal.3d 804, eliminating the bar to recovery of contributory negligence, and
 
 American Motorcycle Assn.
 
 v.
 
 Superior Court, supra,
 
 20 Cal.3d 578, retaining the rule of joint liability of concurrent tortfeasors and holding named defendants liable for damage assessable against unnamed persons.)
 
 [2]
 
 Second is encouragement of settlement of the injured party’s claim.
 
 (American Motorcycle Assn.
 
 v.
 
 Superior Court, supra,
 
 20 Cal.3d at pp. 603-604.) Third is the equitable apportionment of liability among the tortfeasors.
 
 (Id.,
 
 20 Cal.3d at pp. 603-605.)
 

 The hierarchy of policies dictates the result which we reach in the case at bench. In no way does a rule permitting assertion by a settling defendant of his right of comparative indemnity impinge upon the maximization of recovery to the injured person. Permitting the recovery encourages settlement. If recovery were barred, a named defendant would be inhibited in effectuating a settlement where he believes that he has a right of indemnity against a solvent person or corporation, particularly where the potential indemnitor is not named as a defendant by the plaintiff. Allowing the settling defendant to assert his right of contribution against other concurrent tortfeasors effectuates the policy of equitable apportionment of the loss among them.
 

 
 *497
 
 We are aware that the result reached here is counter to still another policy consideration, that of reduction of the transactional cost through simplification of the litigation process in a system which reimburses injured persons for loss caused by negligence or defective products.
 

 Reduction of transactional cost by simplification of litigation was one of the principal policy underpinnings of our Court of Appeal opinion in
 
 American Motorcycle Assn.
 
 v.
 
 Superior Court
 
 (Cal.App. 1977).
 
 [3]
 
 The Supreme Court’s opinion in that case which superseded ours treats that policy consideration as subordinate to the hierarchy. (20 Cal.3d 578.) While the concurring opinion of Justice Clark in
 
 Daly
 
 v.
 
 General Motors Corp.
 
 (1978) 20 Cal.3d 725, 747-750 [144 Cal.Rptr. 380, 575 P.2d 1162],
 
 [4]
 
 raises the specter of transactional cost in a rule which encourages litigation by leaving assessment of damages to juries without guiding standards, the majority of the court was apparently unpersuaded that transactional cost is a primary consideration.
 

 We thus conclude that a settling concurrent tortfeasor may pursue his right of equitable partial indemnity against other concurrent tortfeasors.
 

 The judgment dismissing the cross-complaint is reversed.
 

 Wood, P. J., and Lillie, J., concurred.
 

 Respondent’s petition for a hearing by the Supreme Court was denied August 24, 1978.
 

 [1]
 

 Unlike
 
 Li
 
 and
 
 Daly
 
 v.
 
 General Motors Corp.
 
 (1978) 20 Cal.3d 725 [144 Cal.Rptr. 380, 575 P.2d 1162],
 
 American Motorcycle
 
 is not expressly limited in its retroactivity to cases “in which trial has not begun before [the] opinion becomes final. . . .” (20 Cal.3d at pp. 743-744; 13 Cal.3d at p. 829.) The omission in
 
 American Motorcycle
 
 is susceptible to the interpretation that the rule of that decision is fully retroactive to all pending cases. Division Five of this court has adopted the equally logical position that retroactivity of
 
 American Motorcycle
 
 is to be determined by the same policy considerations as enunciated by our Supreme Court in
 
 Li
 
 and
 
 Daly
 
 so that a rule of limited retroactivity applies.
 
 (County of Ventura
 
 v.
 
 City of Camarillo
 
 (1978) 80 Cal.App.3d 1019, 1024 [144 Cal.Rptr. 296].) We need not decide whether
 
 American Motorcycle
 
 is fully retroactive or merely partially so. Under either interpretation, its rule is applicable here. This appeal is from a judgment on the pleadings so that trial has not commenced. (See, however,
 
 Safeway Stores
 
 v.
 
 Nest-Kart, supra,
 
 21 Cal.3d 322.)
 

 [2]
 

 The Supreme Court has recently granted hearing in
 
 Jess
 
 v.
 
 Herrmann
 
 (Cal.App.) 2 Civil 50504, a Court of Appeal decision which, by permitting offset of damages occasioned to both plaintiff and defendant, seemed out of the pattern.
 

 [3]
 

 We are aware that the Court of Appeal opinion was nullified by the grant of hearing in .the Supreme Court. We cite it only for the purpose of illuminating the theory of the high court’s decision.
 

 [4]
 

 The rule of
 
 Daly
 
 which permits the plaintiff’s comparative fault as a partial defense in an action in products liability seems to have been preordained by retention of the principle of joint liability in
 
 American Motorcycle.
 
 Otherwise, a 51 percent negligent plaintiff suing a solvent defendant who is 5 percent negligent and asserting contribution to the accident to the extent of 44 percent by a defective product manufactured by an insolvent or unknown person could recover 100 percent of his damage from the 5 percent negligent solvent party. In that situation, the
 
 American Motorcycle
 
 approach would be violated.