[Civ. No. 18489. Fourth Dist., Div. One. Oct. 16, 1979.]

AMERICAN BANKERS INSURANCE COMPANY,
Plaintiff and Appellant, v.
AVCO-LYCOMING DIVISION, Defendant and Respondent.

COUNSEL

Arthur Wasserman and Joyce R. Lanza for Plaintiff and Appellant.

James A. Irwin and William J. Rohr for Defendant and Respondent.

OPINION

WIENER, J.— ■ A defendant is authorized to file a cross-complaint against a concurrent tortfeasor for partial indemnity on a comparative fault basis, even when the concurrent tortfeasor was not named as a defendant in the original complaint. (*American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 607 [146 Cal.Rptr. 182, 578 P.2d 899]; referred to in this opinion as *AMA.*) ■ A settling concurrent tortfeasor is permitted to continue to pursue his right of partial indemnity asserted by a presettlement cross-complaint against a party not named by the plaintiff. (*Sears, Roebuck & Co.* v. *International Harvester Co.* (1978) 82 Cal.App.3d 492, 494, 497 [147 Cal.Rptr. 262].) ■ An independent action for equitable indemnity may be filed against an alleged concurrent tortfeasor after the judgment which imposed liability and damages in the underlying tort case. (*E. L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497, 510 [146 Cal.Rptr. 614, 579 P.2d 505].)

■ This appeal presents another facet of the foregoing—whether a settling tortfeasor may pursue his right of indemnity in a postsettlement complaint against a party named as a defendant in the prior suit, but against whom the settling tortfeasor did not file a cross-complaint and where the principal action was dismissed with prejudice as to all defendants. Based upon the policy considerations thoughtfully discussed in *Sears* and the holding in *E. L. White,* we conclude plaintiff has the right to sue independently and accordingly reverse the judgment of dismissal which was entered after defendant's demurrer was sustained without leave to amend.

We state the facts as alleged in the complaint, taking judicial notice of the dismissal with prejudice which was filed in the principal action.

Lamb Chevrolet Company (Lamb) owned a Beech airplane equipped with an engine manufactured by Avco-Lycoming Division (Avco). Before

March 4, 1976, a 50-hour inspection of the engine was performed by El Cajon Flying Service (El Cajon). El Cajon changed the oil and installed a new oil filter gasket manufactured by Champion Spark Plug Company (Champion) in accordance with the instructions contained in Avco's manual. The oil filter gasket was sold by Atco Spad Division of Alaska Transportation (Atco Spad).

On March 4, 1976, the engine was damaged due to lack of lubricating oil. Unable to settle the matter, Lamb sued El Cajon, Avco, Beech and Champion for property damage basing its action on negligence and strict products liability. Champion answered the complaint; no other pleadings were filed. El Cajon's insurer, American Bankers Insurance Company (American Bankers), settled with the plaintiff for the full amount of its claim, $24,479.55, and obtained plaintiff's dismissal with prejudice as to all defendants. The dismissal was filed on December 22, 1977. On February 24, 1978, American Bankers filed its complaint for indemnification based on comparative fault against Avco, Champion and Atco Spad, alleging the same facts as previously alleged by Lamb. Avco's demurrer was sustained without leave to amend. American Bankers appeals.

■ A judgment of dismissal entered after the trial court has sustained a demurrer without leave to amend will be affirmed on appeal if any of the grounds stated in the demurrer is well taken. (*Stowe* v. *Fritzie Hotels, Inc.* (1955) 44 Cal.2d 416, 424-425 [282 P.2d 890].) We examine each of Avco's arguments.

■ Avco contends American Bankers lost its rights to indemnification from any defendant named in the principal action because it failed to cross-complain in that proceeding. (See Code Civ. Proc., § 428.10;[1] *AMA, supra,* 20 Cal.3d 578, 604-607.) Section 428.10 authorizes the filing of a cross-complaint against any person, whether or not a party to the action, if it arises out of the same transaction or involves a claim which is the subject of the claim brought against him. As between defendants, the cross-complaint is not compulsory; it is only compulsory between plaintiffs and defendants. (*Banerian* v. *O'Malley* (1974) 42 Cal.App.3d 604, 612 [116 Cal.Rptr. 919].) American Bankers does not now, in its complaint for indemnification, assert a claim against plaintiff Lamb.

*AMA* authorized the filing of a cross-complaint against a concurrent tortfeasor for partial indemnity on a comparative fault basis. (*AMA,*

[1]All references are to the Code of Civil Procedure unless otherwise specified.

*supra,* 20 Cal.3d at p. 607.) It did not make the filing of a cross-complaint a requirement for relief in all cases. The opinion itself acknowledges there are significant exceptions to the general rule. (*Id.,* at p. 607, fn. 9.) Neither the statute nor *AMA* compelled American Bankers to file a cross-complaint before it could settle with Lamb.

The relevant public policy considerations underlying multiparty tort litigation in decreasing order of priority are: (1) the maximization of recovery to the injured party, (2) settlement of the injured party's claim, and (3) equitable apportionment of liability among concurrent tortfeasors. (*Sears, Roebuck & Co.* v. *International Harvester Co., supra,* 82 Cal.App.3d 492.) The instant matter, although in a different procedural posture, presents the same policy considerations analyzed in *Sears.* Based upon those considerations, we conclude a settling tortfeasor has the right to seek partial indemnity in an independent action.[2]

Every effort should be made to encourage the amicable and fair resolution of disputes. When needless and time-consuming litigation can be avoided, costs for all parties are reduced. If an insurer concludes it has the good faith obligation to settle a claim, it should not be required as part of its settlement package and in order to apportion its loss among those truly liable, to file a cross-complaint in the principal suit. After the case has been settled and the action dismissed, the insurer who has, through its efforts set a ceiling on damages, may still continue to negotiate among those liable for an equitable apportionment of damages. If a settlement cannot be reached, it should still have the opportunity to pursue its rights in court. Defendants are not prejudiced. No elements of res judicata or collateral estoppel are present, for defendants are entitled to a trial on the merits with the added benefit that in all likelihood the negotiated settlement imposing the lid on damages involves a sum which, in many cases, will be less than the open-ended and uncertain amount if each party were to blame the other at trial. If they did not answer the principal action, they may still assert their claim, if any, against the plaintiff. (§ 426.30, subd. (b)(2).)

There is no significant difference, except perhaps the increased possibility of settlement, between suing in a cross-complaint or in an

---

[2]No opinion was expressed on this issue in *Lemos* v. *Eichel* (1978) 83 Cal.App.3d 110, 119, footnote 6 [147 Cal.Rptr. 603]. We also do not pass upon the statute of limitations for partial indemnity. (Cf. *Sunset-Sternau Food Co.* v. *Bonzi* (1964) 60 Cal.2d 834, 843 [36 Cal.Rptr. 741, 389 P.2d 133] [cause of action for implied indemnity accrues when the indemnitee suffers actual loss through payment].)

independent action provided the latter is filed within the period of the applicable statute of limitations. (*E. L. White, Inc.* v. *City of Huntington Beach, supra,* 21 Cal.3d at pp. 505-506.)

Avco claims the settlement, when combined with the dismissal with prejudice as to all defendants, extinguished American Bankers' rights. A dismissal with prejudice in one case, however, does not result in the termination of all litigation involving the same facts. It is a judgment on the merits only as between the plaintiff in that case and defendants. Thus Lamb, the plaintiff in the principal suit, is not barred by the doctrine of retraxit from suing any of the defendants named in that action. (*Kronkright* v. *Gardner* (1973) 31 Cal.App.3d 214, 218 [107 Cal.Rptr. 270].) Here the parties are different. American Bankers, as subrogee of El Cajon's rights—not Lamb's—is suing for apportionment of its damages based on comparative fault.

Avco also urges that under section 877, subdivision (b), the dismissal discharges it from all liability.[3]

The "good faith" of a settlement as defined in *River Garden Farms, Inc.* v. *Superior Court* (1972) 26 Cal.App.3d 986, 996 [103 Cal.Rptr. 498], is a question of fact which may be tested by a court or jury trial. (*Lareau* v. *Southern Pac. Transportation Co.* (1975) 44 Cal.App.3d 783, 786 [118 Cal.Rptr. 837].) The parties to a settlement may, by their agreement, limit the application of even a dismissal with prejudice. (*Manning* v. *Wymer* (1969) 273 Cal.App.2d 519, 527 [78 Cal.Rptr. 600].) On the record before us, it appears that Avco is not a "settling tortfeasor" as discussed in *AMA* (20 Cal.3d at pp. 603-604). Avco's involvement in the settlement of Lamb's claim and what, if anything, was paid by it to Lamb are factual matters which cannot be resolved in this appeal.

Development of the law in the multiparty tort area has proceeded in a flexible fashion to reach a just and equitable result for all parties. (*Daly* v.

---

[3]Section 877, subdivisions (a) and (b), provides: "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort—

"(a) It shall not discharge any other such tortfeasor from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater; and

"(b) It shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors."

*General Motors Corp.* (1978) 20 Cal.3d 725, 736 [144 Cal.Rptr. 380, 575 P.2d 1162].) As a general rule, it may be simpler and more expeditious for a settling tortfeasor to file a presettlement cross-complaint in the principal action. Where it fails to do so, however, it should not forfeit its right to pursue partial indemnity based on comparative fault in an independent action.

Judgment reversed.

Brown (Gerald), P. J., and Focht, J.,* concurred.

A petition for a rehearing was denied November 5, 1979, and respondent's petition for a hearing by the Supreme Court was denied December 20, 1979.

---

*Assigned by the Chairperson of the Judicial Council.