[Civ. No. 60961. Second Dist., Div. Two. Feb. 17, 1982.]

**TEACHERS INSURANCE COMPANY, Plaintiff and Appellant, v. RICHARD SMITH et al., Defendants and Respondents.**

COUNSEL

Steck & Marston, Horvitz & Greines, Ellis J. Horvitz and Marilyn L. Hoffman for Plaintiff and Appellant.

Stearns & Nelson and Bruce L. Nelson for Defendants and Respondents.

OPINION

**ROTH, P. J.**—On September 27, 1976, Todd Smith, a minor, was seriously injured when his bicycle collided with an automobile driven by Marian Fine. He incurred medical expenses of approximately $7,000. Respondents Richard and Shirley Smith made a demand and claim on Marian and Gordon Fine on behalf of Todd, their son, for his personal injuries and damages. The Fines had a public liability insurance policy with appellant Teachers Insurance Company which provided coverage for the accident. Accordingly, the Fines presented the claim to appellant. Appellant negotiated with respondents and settled the claim for its full policy limits of $15,000. That settlement subsequently was approved by the superior court. Thereafter, appellant, which became subrogated to its insureds' rights, brought this action for partial indemnity against respondents.

The first amended complaint alleged, inter alia, that respondents had failed to exercise ordinary care in training and supervising Todd's bicycle riding activities, and as a proximate result thereof, appellant incurred damages in the amount of $16,000; namely, $15,000 for settlement and $1,000 in expenses connected with the claim. Further, the complaint alleged that Marian Fine had not been negligent, but should the court find her negligent, damages should be apportioned between her and respondents according to principles of comparative negligence.

Respondents demurred on the ground appellant was a "volunteer" and had "unilaterally" entered into the settlement, with the result that indemnity would not lie. The demurrer was sustained on this ground without leave to amend, and the action was dismissed. This appeal followed. We reverse.

As pointed out by appellant, our Supreme Court, in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], modified the so-called "equitable indemnity" rule in light of their earlier decision in *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], so as to permit a concurrent tortfeasor to obtain partial indemnity from other concurrent tortfeasors on a comparative fault basis.

It is likewise established that suit for partial indemnity can be brought against a concurrent tortfeasor not named by the tort plaintiff in the original complaint (*People* ex rel. *Dept. of Transportation* v. *Superior Court* (1980) 26 Cal.3d 744, 748 [163 Cal.Rptr. 585, 608 P.2d 673]; *American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d 578, 607; *Sears, Roebuck & Co.* v. *International Harvester Co.* (1978) 82 Cal.App.3d 492 [147 Cal.Rptr. 262]); that a claim for partial indemnity is independent and can be brought in a separate suit after settlement or after satisfaction of judgment in the underlying suit (*People* ex rel. *Dept. of Transportation* v. *Superior Court, supra,* 26 Cal.3d 744, 748; *E. L. White, Inc.* v. *City of Huntington Beach* (1978) 21 Cal.3d 497, 506 [146 Cal.Rptr. 614, 579 P.2d 505]; *American Bankers Ins. Co.* v. *Avco-Lycoming Division* (1979) 97 Cal.App.3d 732, 736 [159 Cal.Rptr. 70]); and that there need not be a judgment against a settling tortfeasor seeking indemnity. (*American Bankers Ins. Co.* v. *Avco-Lycoming Division, supra,* 97 Cal.App.3d 732, 736; *Sears, Roebuck & Co.* v. *International Harvester Co., supra,* 82 Cal.App.3d 492, 497.)

Finally, it is clear *American Motorcycle* properly is to be understood as creating a hierarchy of interests, wherein the first is maximization of recovery to the injured party, the second is the encouragement of settlement of the injured party's claim and the third is equitable apportionment of liability among tortfeasors. (*Sears, Roebuck & Co.* v. *International Harvester Co., supra,* 82 Cal.App.3d 492, 496.)

Here the trial court apparently was persuaded the policy favoring settlement did not extend so far as to permit appellant to negotiate its peace without respondents being involved or first advised of the intention, if it were contemplated partial indemnity would thereafter be sought from respondents. That conclusion was in error.

"Except in rare cases of collusion or bad faith, such as were claimed in *River Garden Farms, Inc.* v. *Superior Court, supra,* 26 Cal.App.3d

986 [103 Cal.Rptr. 498], and *Lareau v. Southern Pac. Transportation Co., supra*, 44 Cal.App.3d 783 [118 Cal.Rptr. 837], a joint tortfeasor should be permitted to negotiate settlement of an adverse claim according to his own best interests, whether for his financial advantage, or for the purchase of peace and quiet, or otherwise. . . .

"As *Lareau, supra*, 44 Cal.App.3d 783, 795, citing page 997 of *River Garden*, says: '*The goals of equitable sharing and settlement finality compete with each other.*' (Italics in original.)

"*River Garden, supra*, 26 Cal.App.3d at page 998, held that, with regard to the goals of encouraging settlements on the one hand and equitable financial sharing on the other hand, 'Neither statutory goal should be applied to defeat the other,' but *River Garden* assigned no priority as to those two goals. *Sears, Roebuck & Co. v. International Harvester Co.* (1978) 82 Cal.App.3d 492 . . ., and *American Bankers Ins. Co. v. Avco-Lycoming Division* (1979) 97 Cal.App.3d 732 . . . did." (*Fisher v. Superior Court* (1980) 103 Cal.App.3d 434, 445-446 [163 Cal.Rptr. 47].)

Similarly, while "As a general rule, it may be simpler and more expeditious for a settling tortfeasor to file a presettlement cross-complaint in the principal action[,] [w]here it fails to do so, . . . it should not forfeit its right to pursue partial indemnity based on comparative fault in an independent action." (*American Bankers Ins. Co. v. Avco-Lycoming Division, supra*, 97 Cal.App.3d 732, 738.)

The order appealed from is reversed and the cause remanded for further proceedings consistent with this opinion.

Compton, J., and Beach, J., concurred.