[No. G001104. Fourth Dist., Div. Three. Jan. 29, 1985.]

VIOLET BOLAMPERTI et al., Plaintiffs and Respondents, v.
LARCO MANUFACTURING et al., Defendants and Respondents;
ANAHEIM MEMORIAL HOSPITAL, Movant and Appellant.

COUNSEL

Wood, Lucksinger & Epstein, Steven Brower and William H. Ginsburg for Movant and Appellant.

Cooksey, Coleman & Howard and Jon A. Hammerbeck for Defendants and Respondents.

No appearance for Plaintiffs and Respondents.

OPINION

**TROTTER, P. J.**—Appellant, Anaheim Memorial Hospital (Hospital) appeals from an order denying its motion for intervention.

This case involves the question whether a joint tortfeasor, who has entered into a good faith settlement pursuant to Code of Civil Procedure section 877.6,[1] can thereafter pursue a cause of action for indemnity against a non-settling joint tortfeasor.

 This case arose out of an accident that occurred on July 9, 1981. Plaintiff, Violet Bolamperti, allegedly sustained personal injury when she was struck by an electronically operated door on the premises of the Hospital.

After being served with the complaint, but before answering or otherwise pleading, the Hospital and another defendant, Golden West Radiology (Golden West), entered into a settlement with plaintiffs. The Hospital and Golden West brought a motion for a determination of good faith pursuant to section 877.6.[2] On August 10, 1983, the trial court determined the settlement was in good faith, and dismissed the complaint as to defendants Hospital and Golden West. The trial court also ordered "that any further claims against these defendants for equitable comparative contribution or partial or comparative indemnity shall be barred."

On November 3, 1983, the Hospital moved for leave to intervene. In its motion the Hospital alleged it had contributed a total of $82,400 toward the settlement with plaintiffs and sought intervention to pursue a proposed declaratory relief action claiming a right to equitable indemnity against the other defendants. The trial court denied Hospital's motion to intervene.

On this appeal, Hospital contends the trial court erred in failing to grant its motion, claiming it retained a right to pursue its cause of action for indemnity regardless of its settlement with plaintiffs.

Several cases have investigated whether suit for indemnity may be brought against the settling tortfeasor with somewhat conflicting results.

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise specifically designated.

[2]Section 877.6 provides as follows: "(a) Any party to an action wherein it is alleged that two or more parties are joint tortfeasors shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors, upon giving notice thereof in the manner provided in Sections 1010 and 1011 at least 20 days before the hearing. . . . [¶] (b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counter-affidavits filed in response thereto, or the court may, in its discretion, receive other evidence at the hearing. [¶] (c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault."

(Cf. *Huizar* v. *Abex Corp.* (1984) 156 Cal.App.3d 534 [203 Cal.Rptr. 47], and *City of Sacramento* v. *Gemsch Investment Co.* (1981) 115 Cal.App.3d 869 [171 Cal.Rptr. 764].) However, none have explored the rights of a settling tortfeasor under section 877.6 to continue his pursuit of an indemnity cause of action against a nonsettling joint tortfeasor. The problem arises because the language of subdivision (c) of section 877.6 provides: "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault."

Respondent argues as follows: "To allow [Hospital] . . . to remain in the case to pursue its claim for partial equitable indemnity will not be fair . . . . The [Hospital] is insulated from further liability under the ambit of 877.6. But to permit the Appellant to press its claim for indemnity, while insulated itself, and while it may be the most culpable defendant of any kind in the particular case, would certainly not promote equal distribution of a particular loss, and thereby certainly would not be fair to the remaining Defendants."

In *Sears, Roebuck & Co.* v. *International Harvester Co.* (1978) 82 Cal.App.3d 492 [147 Cal.Rptr. 262] the court concluded "a settling concurrent tortfeasor may pursue his right of equitable partial indemnity against other concurrent tortfeasors." (*Id.*, at p. 497.) However, *Sears Roebuck & Co.* was decided before the enactment of section 877.6. The question is whether section 877.6 was designed to change the rule enunciated in *Sears Roebuck & Co.* and confirmed in *American Bankers Ins. Co.* v. *Avco-Lycoming Division* (1979) 97 Cal.App.3d 732 [159 Cal.Rptr. 70].

In *Sears, Roebuck & Co.* v. *International Harvester Co., supra*, 82 Cal.App.3d 492, plaintiffs brought a suit for wrongful death against Sears on theories of product liability, breach of warranty and negligence alleging a defective tire was the cause of decedent's death in a truck accident. Sears filed a cross-complaint against International Harvester, the manufacturer of the defective tire, seeking indemnity and asserting theories of product liability and negligence contributing to the accident. The trial court granted a judgment on the pleadings, and Sears appealed. While the appeal was pending, Sears settled with plaintiffs. The appellate court reversed the judgment dismissing the cross-complaint. The court stated: "We analyze the Supreme Court decisions as creating a hierarchy of interests. First in the hierarchy is maximization of recovery to the injured party for the amount of his injury to the extent fault of others has contributed to it. (See *Li* v. *Yellow Cab*

*Co., supra,* 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393], eliminating the bar to recovery of contributory negligence, and *American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], retaining the rule of joint liability of concurrent tortfeasors and holding named defendants liable for damage assessable against unnamed persons.) Second, is encouragement of settlement of the injured party's claim. (*American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d at pp. 603-604.) Third, is the equitable apportionment of liability among the tortfeasors. (*Id.,* 20 Cal.3d at pp. 603-605.) [¶] The hierarchy of policies dictates the result which we reach in the case at bench. (2) In no way does a rule permitting assertion by a settling defendant of his right of comparative indemnity impinge upon the maximization of recovery to the injured person. Permitting the recovery encourages settlement. If recovery were barred, a named defendant would be inhibited in effectuating a settlement where he believes that he has a right of indemnity against a solvent person or corporation, particularly where the potential indemnitor is not named as a defendant by the plaintiff. Allowing the settling defendant to assert his right of contribution against other concurrent tortfeasors effectuates the policy of equitable apportionment of the loss among them." (*Id.,* at p. 496; fn. omitted.)

Similarly in *American Bankers Inc. Co.* v. *Avco-Lycoming Division, supra,* 97 Cal.App.3d 732 the court held that a settling tortfeasor may pursue his right of indemnity in a postsettlement complaint against a party named as a defendant in a prior suit, but against whom the settling tortfeasor did not file a cross-complaint. In the prior action, American Bankers Insurance Company had settled with the plaintiff for the full amount of its claim and obtained plaintiff's dismissal with prejudice as to all defendants. In so deciding, the court stated: "Every effort should be made to encourage the amicable and fair resolution of disputes. When needless and time-consuming litigation can be avoided, costs for all parties are reduced. If an insurer concludes it has the good faith obligation to settle a claim, it should not be required as part of its settlement package and in order to apportion its loss among those truly liable, to file a cross-complaint in the principal suit. After the case has been settled and the action dismissed, the insurer who has, through its efforts set a ceiling on damages, may still continue to negotiate among those liable for an equitable apportionment of damages. If a settlement cannot be reached, it should still have the opportunity to pursue its rights in court. Defendants are not prejudiced. No elements of res judicata or collateral estoppel are present, for defendants are entitled to a trial on the merits with the added benefit that in all likelihood the negotiated settlement imposing the lid on damages involves a sum which, in many cases, will be less than the open-ended and uncertain amount if each party were to blame the other at trial. If they did not answer the principal action, they

may still assert their claim, if any, against the plaintiff. ([Code Civ. Proc.] § 426.30, subd. (b)(2).)" (*Id.*, at p. 736.)

On the other hand, in *Cardio Systems, Inc.* v. *Superior Court* (1981) 122 Cal.App.3d 880 [176 Cal.Rptr. 254], the court concluded that a good faith settlement resulting in a dismissal as to one concurrent tortfeasor constituted a bar to another concurrent tortfeasor's cross-complaint for partial equitable indemnity. The court reached its result by interpreting section 877 which provides, "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort—[¶] (a) It shall not discharge any other such tortfeasor from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater; and [¶] (b) *It shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors.*" (Italics added.)[3] (See *Mill Valley Refuse Co.* v. *Superior Court* (1980) 108 Cal.App.3d 707, 711 [166 Cal.Rptr. 687].)

In holding that the terms of section 877 compelled its determination that the cross-complaint for indemnity was barred, the *Cardio Systems* court stated, "The result is unsatisfactory. The rule permits a plaintiff to insulate a defendant (Cardio) from being liable to a codefendant (Hospital) for comparative indemnity by dismissing against Cardio in consideration of a waiver of costs where the dismissal is motivated by plaintiffs' tactical considerations having little relationship to the potential liability of Cardio. The facts show that plaintiffs' counsel was of the opinion that plaintiffs had a fairly good liability case against Cardio and the reason for the dismissal against Cardio, according to the testimony of plaintiffs' counsel, was to avoid complicating plaintiffs' 'clear liability, relatively simple medical malpractice case' against Hospital. The result is fundamentally unfair, and cannot be what the Legislature intended. [¶] The Legislature could not anticipate the problems arising after the Supreme Court's decision in *American Motorcycle Assn.* v. *Superior Court, supra,* 20 Cal.3d 578; however, the governing section (Code Civ. Proc., § 877) needs to be reexamined in light of that decision. The Legislature is equipped with the facilities and the forum to hear from all interested parties and to pass appropriate amendments to Code of Civil Procedure section 877; the Legislature should move with dispatch

---

[3]In *Cardio Systems, Inc.* v. *Superior Court, supra,* 122 Cal.App.3d 880 at page 887, the court stated that while section 877, by its terms, discharges a settling defendant only from liability for *contribution* in a joint judgment, the Supreme Court in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], applied comparative negligence principles and adopted a doctrine of partial equitable indemnity subject to the application of section 877.

to prevent the occurrence of such an unfortunate result as in this case." (*Cardio Systems, Inc.* v. *Superior Court, supra,* 122 Cal.App.3d at pp. 890-891.)

In 1980 section 877.6 was enacted, effective January 1, 1981. (Stats. 1980, ch. 562, § 1, p. 1549.) Section 877 remained unchanged. Despite the *Cardio Systems* court's dissatisfaction with the results of its interpretation of section 877, the rule was reaffirmed in section 877.6, subdivision (c), which, as noted previously, provides: "A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity based on comparative negligence or comparative fault."

In *Turcon Construction, Inc.* v. *Norton-Villiers, Ltd.* (1983) 139 Cal.App.3d 280 [188 Cal.Rptr. 580] the court applied section 877.6, subdivision (c), and held that one alleged tortfeasor's cross-complaint for implied indemnity against another alleged tortfeasor was barred where the second tortfeasor had settled with the plaintiff. The court stated, "The relief sought by the cross-complaint was clearly barred by the provisions of Code of Civil Procedure sections 877 and 877.6." (*Id.,* at p. 284.)

In the case before us, we are presented with a different situation than is involved in either *Cardio Systems, Inc.* v. *Superior Court, supra,* 122 Cal.App.3d 880 or *Turcon Construction Inc.* v. *Norton-Villiers, Ltd., supra,* 139 Cal.App.3d 280. Here we must decide, not whether a joint tortfeasor can pursue partial indemnity against another tortfeasor who has settled with the plaintiff, but rather whether the settling tortfeasor can pursue a claim for partial indemnity against a *nonsettling tortfeasor.* As was said in *Turcon Construction,* "[t]he clear policy of section 877.6, subdivision (c) is to encourage settlement by providing finality to litigation for the settling tortfeasor." (*Id.,* at p. 283.) That policy is not hindered by allowing the settling tortfeasor to pursue its remedy for partial indemnity against a nonsettling tortfeasor. In fact, the policy is enhanced. To decide otherwise would inhibit a tortfeasor from settling if he should, by doing so, lose his right to pursue indemnity against the other tortfeasors. Then too, other tortfeasors would be encouraged to settle themselves, knowing that by so doing they could insulate themselves against cross-claims from settling tortfeasors. Nor can we think of any policy reason to deny a settling tortfeasor the right to pursue his claim for indemnification against nonsettling tortfeasors.

We hold the rule stated in *Sears, Roebuck & Co.* v. *International Harvester Co., supra,* 82 Cal.App.3d 492 is applicable here, and that the enactment of section 877.6 did not change the rule.

The trial court erred in denying Hospital's motion to intervene. The order is reversed.

Wallin, J., and Sonenshine, J., concurred.