**NATIONWIDE INSURANCE COMPANY, an Ohio corporation, Plaintiff–Appellant,**

**v.**

**Joe David HUNLEY; Raymond Clarfield; Rebecca Clarfield, individually and as surviving heirs of Gail Vivian Clarfield, deceased; Wendy Travis, individually and as personal representative of the Estate of Michael Anthony Travis, deceased; Amber C. Travis; Benjamin J. Travis; Keri A. Travis, minors, individually, Defendants–Appellees.**

No. 89–16070.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 19, 1990.

Decided Oct. 2, 1990.

Gail Y. Norton, Ropers, Majeski, Kohn, Bentley, Wagner & Kane, San Francisco, Cal., for plaintiff-appellant.

Walter H. Walker, III, San Francisco, Cal., for defendants-appellees.

Before WIGGINS and LEAVY, Circuit Judges, and STEPHENS *, District Judge.

WIGGINS, Circuit Judge:

Nationwide Insurance Company appeals the district court's declaratory judgment following a bench trial that Nationwide must indemnify Joe David Hunley, a permissive user of a car insured under a Nationwide policy issued to Michael Travis. We have jurisdiction under 28 U.S.C. § 1291 (1982). We reverse and remand.

## BACKGROUND

The district court found the following facts:

Nationwide issued an insurance policy to Travis covering him and all permissive users of his car for bodily injury liability up to $25,000 per person and $50,000 per occurrence. The policy provided that "[a]fter the liability limits ... have been exhausted by payment, [Nationwide] will not be obligated to defend any suit or pay any claim or judgment," and that "[t]he insuring of more than one person ... under this policy does not increase our liability limits."

Travis consented to Hunley's use of Travis' car. Hunley crashed the car in a single-vehicle accident, killing Travis and Gail Clarfield, both passengers in the car. Clarfield's survivors submitted a claim to Nationwide for policy benefits based upon Travis' alleged negligent entrustment of his car to Hunley. Nationwide initially offered to pay the survivors the $25,000 policy limit in exchange for a release of both Travis and Hunley. Clarfield's survivors refused, however, and Nationwide then paid them the $25,000 policy limit in exchange only for a release of Travis.

Clarfield's and Travis' survivors subsequently sued Hunley for his alleged wrongfully causing the deaths of Clarfield and Travis. Nationwide retained counsel for Hunley, although it initially contended that Hunley would be required to reimburse Nationwide for his defense costs. Nationwide then filed this suit, seeking a declaration that it had no duty to defend or indemnify Hunley. The suit named Clarfield's and Travis' survivors, as well as Hunley, as defendants. Hunley never appeared in the suit. Nevertheless, in an attempt to provide a fund from which they could satisfy any judgment against Hunley that they might obtain, Clarfield's survivors argued on Hunley's behalf that notwithstanding Nationwide's policy language and its payment of the policy limit of $25,000 on behalf of Travis, under Cal.Ins.Code § 11580.1(b)(4), Nationwide owed Hunley a duty to defend him in the survivors' suit and separately to indemnify him up to $25,000 for any judgment against him. The district court agreed. Nationwide appeals the district court's determination that it must indemnify Hunley.[1]

## DISCUSSION

■ We review issues of statutory and contractual interpretation de novo. *See American States Ins. Co. v. Borbor*, 826 F.2d 888, 890 (9th Cir.1987). In this diversity case, California law controls.

■ Cal.Ins.Code § 11580.1(b)(4) requires that car insurance policies insure permissive users "to the same extent that insurance is afforded to the named insured." We believe that Nationwide has insured Hunley to the same extent that it has afforded insurance to Travis. Nationwide no longer contests its duty to defend Hunley in the underlying action and is currently doing so. And if Hunley becomes

---

* Hon. Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

1. Nationwide has not pursued its claim that it has no duty to defend Hunley. It is an unresolved question of California law whether, even in a situation in which Section 11580.1(b)(4) is inapplicable, policy language stating that the duty to defend ends with the good faith pay-

ment of policy limits will be enforced when the claims on which defense is sought were apparent at the time of payment. *Johnson v. Continental Ins. Cos.*, 202 Cal.App.3d 477, 248 Cal. Rptr. 412, 417–18 (1988) (holding that when an insurance company pays the policy limits to settle all current claims, it has no duty to defend future claims which were unknown to the insurance company at the time of payment).

liable to Clarfield's survivors for a judgment in that suit, Nationwide's $25,000 payment to the survivors on behalf of Travis will be credited to Hunley no differently than if Nationwide had paid the $25,000 on his behalf.

Clarfield's survivors argue primarily that because Travis received a release in exchange for the $25,000 payment, while Hunley will receive only a defense and might become liable for a substantial judgment, Hunley has not been insured to the same extent as Travis. However, the question whether Nationwide has insured Hunley to the same extent as Travis is distinct from the question whether Hunley has received the same benefits that Travis has received. As long as Hunley has gotten everything under the policy that Travis would have been entitled to had Travis been in Hunley's situation, Hunley has been insured to the same extent that Travis has.

For example, consider the situation in which two parties with identical insurance policies commit the identical tort against identical victims. Each victim sues his respective tortfeasor for damages far in excess of the limits of the tortfeasor's insurance policy. However, one victim is willing to settle his claim for the policy limit, whereas the other is not. Therefore, the insurance company of the tortfeasor whose victim is willing to settle pays its policy limit in exchange for a release of its insured, while the insurance company of the tortfeasor whose victim is not willing to settle merely defends her at trial and pays its policy limit in partial satisfaction of a judgment against her, leaving her liable to pay the rest. The insureds receive different benefits from their respective insurance policies. Nevertheless, they have been insured to the same extent. Their differing treatment stems not from their having been insured to different extents but from their victims' differing settlement postures.

The same is true in this case. No party now contends that in exchange for $25,000 (or less) Nationwide ever had the opportunity to obtain a release of Hunley as well as a release of Travis, or even to obtain a release of Hunley rather than a release of Travis.[2] Under this circumstance, Nationwide got the best deal for both of its clients—a release for the one for whom a release was available, and a defense plus a $25,000 offset for the one for whom a release was not available. Had Travis been in Hunley's position—with Clarfield's survivors refusing to settle with him—Travis would, like Hunley, have been entitled only to a defense and a $25,000 offset to his liability under the Nationwide policy.

Clarfield's survivors also argue that because under Cal.Code Civ.Pro. § 877 (providing that a tortfeasor's liability shall be reduced by the amount of a plaintiff's settlement with a joint tortfeasor) Hunley would be entitled to an offset for the $25,000 paid by Nationwide even if he were not a beneficiary of the insurance policy, Nationwide has not insured Hunley to the same extent that it has insured Travis. We first note that this is only partially true: Because Hunley is a beneficiary of the insurance policy, Nationwide is not entitled to partial indemnity from Hunley for its payment on behalf of Travis, as otherwise might be the case, *see American Motorcycle Ass'n v. Superior Court*, 20 Cal.3d 578, 146 Cal.Rptr. 182, 190–99, 578 P.2d 899, 907–916 (1978) (tortfeasor entitled to partial indemnity from joint tortfeasors on a comparative fault basis); *Sears Roebuck & Co. v. International Harvester Co.*, 82 Cal. App.3d 492, 147 Cal.Rptr. 262, 264–65 (1978) (settling tortfeasor may seek indemnity against nonsettling joint tortfeasor under same principles).

More importantly, however, this second argument of Clarfield's survivors conflates the question whether Hunley is insured to the same extent as Travis with the question whether Hunley, as an insured, is better off as a result of every action that Nationwide takes on Travis' behalf than he

---

**2.** As we note above, Hunley has not appeared in this action. A different case would be presented if Hunley had appeared and proved that Nation-wide had the opportunity to obtain a release for him in exchange for $25,000 or less.

would be if he were not an insured. As noted above, the former question turns only on whether Hunley has gotten everything under the policy to which Travis would have been entitled had he been in Hunley's situation.

This is not to say that Cal.Code Civ.Pro. § 877 is irrelevant to this case. To the contrary, if California law did not provide that Nationwide's $25,000 payment on Travis' behalf would be credited against any liability of Hunley, Nationwide could not have made that payment on Travis' behalf without violating its statutory obligation to insure Hunley to the same extent that it insured Travis. In that case, Nationwide would have depleted the limited fund to which Hunley could look for indemnity without providing any benefit to Hunley in the process. Such an action, if done on Hunley's behalf, would have violated Nationwide's contractual duty to Travis. Therefore, Nationwide could not take such an action on Travis' behalf without violating its statutory obligation to Hunley. It is precisely because Cal.Code Civ.Pro. § 877 provides that Nationwide's $25,000 payment on Travis' behalf will be credited against any liability of Hunley that Nationwide could make this payment without violating its statutory obligation to Hunley.

## CONCLUSION

We find that Nationwide has discharged its duty under Cal.Ins.Code § 11580.1(b)(4) to indemnify Hunley. The judgment of the district court is REVERSED and the case is REMANDED.