Filed 10/24/24  Scheper v. Sullivan CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT SCHEPER,<br><br>     Cross-defendant and Respondent,<br><br>     v.<br><br>BRIAN SULLIVAN,<br><br>     Defendant, Cross-complainant<br>and Appellant. | D083292<br><br><br><br>(Super. Ct. Nos. 37-2020-<br>00020204-CU-FR-CTL,<br>37-2020-00030343-CU-OR-NC) |

APPEAL from an order of the Superior Court of San Diego County, Richard S. Whitney, Judge.  Reversed.

Ronald H. Freshman for Defendant, Cross-complainant and Appellant.

Stratege Law, Robert M. Traylor and J. Scott Scheper for Cross-defendant and Respondent.

In June 2020, Michael Lockerman, represented by attorney J. Scott Scheper, sued Brian Sullivan and others alleging claims stemming from a real estate development dispute.  Sullivan answered Lockerman's complaint and filed a cross-complaint.  Lockerman then filed a first amended complaint (FAC) and Sullivan amended his cross-complaint.  Thereafter, Sullivan substituted in as his own counsel and moved out of state.  He asserts he was

unaware his attorney had not filed an answer to the FAC and that he would not be notified electronically of case filings.

In December 2022, after Sullivan failed to appear for a case management conference or respond to the court's order to show cause, the court struck his answer to the original complaint and dismissed his first amended cross-complaint without prejudice.

In March 2023, Sullivan filed an answer to the FAC and a new first amended cross-complaint (FACC), which named Lockerman and, for the first time, Scheper. The cross-defendants moved to strike the FACC, and the court granted the motion in September 2023. Sullivan timely appealed that order.

After reviewing Sullivan's notice of appeal and civil case information statement, we requested that Sullivan submit a letter brief addressing the appealability of this matter. We also afforded Lockerman and Scheper the opportunity to respond to Sullivan's letter brief. Both sides filed letter briefs. Following our review of the briefing, we authorized Sullivan to proceed with his appeal as to Scheper only because proceedings between Sullivan and Lockerman remained pending.

Sullivan contends the trial court abused its discretion in striking the FACC as to Scheper. Within the context of the unusual procedural posture of this appeal, we agree.

## FACTUAL AND PROCEDURAL BACKGROUND

In his FAC, Lockerman alleges that he and Sullivan formed Carlsbad Coastal Views, LLC (the LLC) in 2015 to further an agreement to engage in a joint development venture. Per their deal, Lockerman contributed capital to the LLC and the LLC acquired real property in Carlsbad, California with the intention of subdividing the land into multiple lots that would be developed

2

with single-family residences for resale. The property also included an existing residential structure that Sullivan began inhabiting at below-market rent paid to the LLC. Sullivan's asserted contribution to the LLC was to use his real estate experience to oversee the process of subdividing, entitling, developing, and reselling the properties.

According to the FAC, the LLC experienced difficulty selling the first four homes constructed and became concerned about defaulting on loans. From that point forward, Lockerman claims Sullivan began to engage in secret self-interested dealings with third parties—including defendants Miramar Financial Group, Inc., Stephen C. Pringle, Brad Brigante, and Mubashir Kazi—to enrich himself at the expense of the LLC. The FAC alleges causes of action for fraud, breach of fiduciary duty, accounting, dissolution of the LLC, declaratory relief, and injunctive relief (eviction) against Sullivan.[1]

Sullivan alleged four causes of action against Lockerman in his FACC. Only the fourth cause of action for fraudulent transfer was also directed to Scheper.

Lockerman and Scheper filed a motion to strike the FACC, asserting it was untimely because it was not filed "within 30 days of Mr. Lockerman's action." Accordingly, they submitted that Code of Civil Procedure[2] section 426.50 required Sullivan to first seek leave of court before filing his cross-complaint. Because he had not done so, Lockerman and Scheper asked

---

[1] As explained in Lockerman and Scheper's letter brief, Miramar Financial Group, Inc. subsequently filed a separate action against the LLC (Case No. 37-2020-00030343-CU-OR-NC), which was consolidated with the instant matter in 2021.

[2] Statutory references are to the Code of Civil Procedure unless otherwise specified.

the court to strike the pleading. They also filed a demurrer, arguing the third cause of action against Lockerman failed to state sufficient facts and reiterating their argument from the motion to strike that the FACC was filed without leave of court.

By minute order dated September 8, 2023, the court granted the motion to strike, explaining:

> "On December 29, 2022, this Court struck Sullivan's cross-complaint due to Sullivan's multiple failures to appear. Sullivan later filed another cross-complaint more than 30 days after this Court struck Sullivan's cross-complaint without first seeking leave of court. Pursuant to [Code of Civil Procedure] section 436, the Court has discretion at any time to '[s]trike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court.' (Code Civ. Proc., § 436[, subd.] (b).) The [FACC] was not drawn in conformity with the law as Sullivan failed to seek leave of court."

The court then concluded the demurrer was moot.

## DISCUSSION

Sullivan contends the court abused its discretion in striking his FACC, arguing it was timely filed pursuant to section 428.50, subdivision (a).

"An order striking all or part of a pleading under Code of Civil Procedure section 435 et seq. is reviewed for abuse of discretion." (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1282.) " ' "The abuse of discretion standard . . . measures whether, given the established evidence, the act of the lower tribunal falls within the permissible range of options set by the legal criteria." ' " (*Catalina Island Yacht Club v. Superior Court* (2015) 242 Cal.App.4th 1116, 1124 (*Catalina Island*).) " ' "[W]hen a trial court's decision rests on an error of law, that decision is an abuse of discretion." ' " (*Ibid.*)

4

The court struck Sullivan's FACC because he filed it more than 30 days after the court struck his last cross-complaint without first seeking leave pursuant to section 426.50. As an initial matter, Sullivan is correct that the December 2022 minute order reflects that the court did not strike the initial cross-complaint but rather dismissed it without prejudice. Regardless, the court's order does not cite the source of this 30-day time limit, and we are uncertain as to its origin. There is no indication in the record that the court set a deadline of 30 days when striking Sullivan's answer or dismissing his cross-complaint.

Most likely, this time limit stemmed from the statutes requiring a defendant to answer within 30 days of being served with an amended complaint (§ 471.5) and to serve any cross-complaint against the plaintiff at the time of serving his answer (§ 426.30 ["[e]xcept as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded"].) However, because this latter provision (§ 426.30) specifically refers to any claims the defendant has against the plaintiff, it pertains only to compulsory cross-complaints. (See *American Bankers Ins. Co. v. Avco-Lycoming Division* (1979) 97 Cal.App.3d 732, 735 ["[a]s between defendants, the cross-complaint is not compulsory; it is only compulsory between plaintiffs and defendants"].) In this case, those would be Sullivan's claims against Lockerman, not Scheper.

The court's reliance on section 426.50 suffers the same infirmity. This section provides that "[a] party who fails to plead a cause of action subject to the requirements of this article, whether through oversight, inadvertence,

5

mistake, neglect, or other cause, may apply to the court for leave to amend his pleading, or to file a cross-complaint, to assert such cause at any time during the course of the action." (§ 426.50.) The "article" this section refers to, Article 2 (§§ 426.10–426.80), addresses "compulsory cross-complaints." Here again, the portion of the FACC that was compulsory was against Lockerman. Thus, while it may be that the court's order was appropriate as to the FACC against Lockerman, that issue is not before us because Lockerman is not a party to this appeal.

The court did not address in its order the distinction between Sullivan's claims against Lockerman and the claim against Scheper, but due to the limited scope of this appeal, we must do so. Section 428.10 authorizes a defendant to file a cross-complaint "against a person alleged to be liable thereon, whether or not such person is already a party to the action, . . . ." (§ 428.10, subd. (b).) Here, Scheper was not a party to the case when Sullivan served him with the FACC in March 2023, although Scheper was named as a defendant in Miramar Financial Group, Inc.'s December 2022 complaint (San Diego Sup. Ct., Case No. 37-2022-0049617-CU-FR-NC), which the court subsequently consolidated with Lockerman's case (San Diego Sup. Ct., Case No. 37-2020-00020204-CU-FR-CTL) as the lead in October 2023. Therefore, Sullivan's FACC against Scheper was permissive, not compulsory.

As Sullivan correctly argues, section 428.50, not section 426.50, provides the requisite deadline for filing permissive cross-complaints. Sullivan relies on subdivision (a) of this section, which states: "[a] party shall file a cross-complaint against any of the parties who filed the complaint or cross-complaint against him or her before or at the same time as the answer to the complaint or cross-complaint." (§ 428.50, subd. (a).) He contends that,

because he filed his FACC with his answer, it is not untimely.[3] We disagree that subdivision (a) provides the applicable deadline as it plainly pertains only to cross-complaints "against any of the parties who filed the complaint or cross-complaint against him," which Scheper did not do.

Section 428.50, subdivision (b), on the other hand, provides that "[a]ny other cross-complaint may be filed at any time before the court has set a date for trial." (§ 428.50, subd. (b).) According to the record of decision, Sullivan filed his FACC on March 13, 2023, and the court did not issue an order setting a trial date until April 21, 2023.[4] Thus, under this statute, it appears the FACC was *not* untimely and, per subdivision (c),[5] did not require leave of court.

Absent a basis for finding Sullivan was required to seek the court's leave before filing the FACC against Scheper, we fail to see how it was within the court's discretion to strike the FACC. The court only had discretion to strike the FACC under section 436, subdivision (b) if it was "not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court." As the court did not identify any other basis for striking the pleading, we conclude the court abused its discretion. (See *Catalina Island, supra,* 242 Cal.App.4th at p. 1124.)

---

[3] Notably, in making this argument, he acknowledges his answer was untimely, but asserts that because Lockerman did not seek a default and the court did not issue an order to show cause, the FACC should stand as well.

[4] At that time, the court scheduled the trial for February 16, 2024.

[5] Section 428.50, subdivision (c) requires that "[a] party shall obtain leave of court to file any cross-complaint except one filed within the time specified in subdivision (a) or (b). Leave may be granted in the interest of justice at any time during the course of the action." (§ 428.50, subd. (c).)

## DISPOSITION

The September 8, 2023 minute order striking the FACC is reversed as to Scheper only.[6]  Sullivan is entitled to his costs on appeal.

HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


KELETY, J.

---

[6]    Because the court did not address the demurrer on the merits and it pertained only to Lockerman, we do not address that portion of the order.