[Civ. No. 38192. Second Dist., Div. Four. Oct. 27, 1971.]

DALE ROSENSTOCK, Plaintiff and Appellant, v.
MARK E. ROSENSTOCK, JR., Defendant and Respondent.

**COUNSEL**

Max Fink and R. Stephen Duke for Plaintiff and Appellant.

Vivian Paul and Michael F. Erdheim for Defendant and Respondent.

**OPINION**

**KINGSLEY, J.**—This is an appeal from an order of the superior court granting defendant's motion to quash the service of summons on him.

On February 20, 1970, defendant (husband) was granted a decree of divorce by a New York court, which decree is silent as to custody or support. On March 12, 1970, plaintiff (wife) was granted a decree by a California court (entered *nunc pro tunc* as of February 28, 1970) granting her petition for dissolution of her marriage to defendant. The decree, inter alia, gave her custody of the two minor children of the parties and made provision for her support and for support of the children. Thereafter, as a result of a continuing dispute over child custody, the parties executed, in New York, on April 16, 1970, an agreement which granted child custody to the wife, made provision for her support and for support of the children, and which, as defendant construes it, immunized defendant against service of process on him, in California, in any action involving the respective

decrees or the marital dispute, but permitted plaintiff to seek, in New York, a decree determining which, if either, of the divorce decrees was valid.[1]

On July 29, 1970, plaintiff filed the instant action, in California, seeking, among other relief, an adjudication of the validity of her earlier California decree of dissolution. On the same day, defendant was served, personally, in California, with the summons and complaint in that action. He countered with a notice of motion captioned as follows:

"SPECIAL APPEARANCE

"NOTICE OF MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT, FOR ATTORNEY'S FEES, TRANSPORTATION EXPENSES AND COSTS, POINTS AND AUTHORITIES, DECLARATION OF MARK E. ROSENSTOCK, JR., AND AFFIDAVIT OF MICHAEL F. ERDHEIM"

and reading as follows:

"PLEASE TAKE NOTICE that on September 8, 1970, at 9:00 a.m., or as soon thereafter as counsel can be heard, in Department 66 of the above entitled Court, defendant, MARK E. ROSENSTOCK, JR., appearing specially in the above entitled action for the sole purpose of this motion, will move the Court for its order quashing and setting aside the service of the summons

---

[1]The pertinent language, relied on by defendant, is contained in paragraphs 4, 8 and 9 of the April 16th agreement, which paragraphs read as follows:

"4. The parties hereby agree that so long as MARK shall comply with paragraph '2' of this stipulation and agreement, [providing for the payment of child support] then in that event DALE, or her agents, employees or anyone else in her behalf will not directly or indirectly seek or obtain any enforcement proceedings whatever in the State of California in connection with the California judgment obtained by DALE, inclusive of any and all contempt proceedings, arrest proceeding or the like, in effect giving MARK immunity from any and all service of process whatever arising out of and in connection with said California Judgment of Divorce. Said immunity shall be for a period of two (2) years from the date hereof."

"8. The parties hereby agree that any and all actions, proceedings whatever, whether in law or equity with respect to the validity of the California Judgment of Divorce must be commenced by DALE within the two .year period specified in paragraph 4 hereof, or shall thereinafter be forever barred and prohibited in so far as relating to and pertaining to her rights only and not that of the infant children. In the event.DALE shall nevertheless commence any action or proceeding anywhere subsequent to this two year period of limitations, then in that event, this stipulation may be referred to and shall constitute a bar to such action or proceedings. In the event that such action or proceeding shall be commenced by DALE within said two year period, but shall not result in any order or decision with respect thereto, the parties agree that MARK's immunity and visitation rights hereunder shall be accordingly extended until said order, judgment or decision.

"9. The parties hereby agree that in the event of a breach of this stipulation by either party that party so causing said breach shall be liable for and shall pay for the other party's costs, including reasonable counsel fees and transportation costs."

and complaint herein purportedly made on July 29, 1970, upon said defendant in the within action and directing the plaintiff herein, DALE ROSENSTOCK, pursuant to said stipulation and agreement, to pay to defendant, MARK E. ROSENSTOCK, JR., the sum of $5000.00 as and for reasonable attorney's fees, plus reasonable transportation costs and other costs incurred as a result of this action.

"Said motion will be made on the ground that the above entitled Court has no jurisdiction over said defendant pursuant to a stipulation and agreement entered into between said defendant and plaintiff herein dated April 16, 1970, whereby said defendant has been made and is now immune from such service of process in the State of California and plaintiff is liable by her breach of said stipulation and agreement for reasonable attorney's fees, transportation costs and other costs incurred by defendant as a result of said breach."

After argument and the submission of memoranda, the trial court, on October 7, 1970, by a minute order, granted the motion to quash but denied the other relief sought by defendant. Plaintiff has appealed;[2] we reverse.

In addition to a quantity of non-helpful exchange of personal vituperation between counsel and similar mutual attacks on the character of the litigants, the briefs discuss a range of issues, only two of which we regard as material to this appeal and only one of which we deem it necessary to determine. Thus we do not consider: (1) whether the April 16th agreement was obtained by duress of a nature such as to make it unenforceable; (2) whether the effect of the April 16th agreement, assuming it immune from attack for duress, does limit plaintiff's right to bring in California the particular action herein involved. As we see it, the only issues before us are: (1) whether or not the notice of motion, above quoted, was so broad in scope as to constitute, in law, a general appearance; and (2) if the answer to that question is "no," whether the agreement, construed as defendant construes it, can validly prevent the California court from obtaining personal jurisdiction over defendant by service on him, in California. Since we conclude, in answer to the second issue, that the April 16th agreement, whatever its effect as a defense to the instant action or as a basis for a cross-action, did not support a motion to quash a service of summons, otherwise valid, we need not determine whether the motion filed in the case at bench became a general appearance because of the inclusion therein of a prayer for attorney fees and costs.

---

[2]Subdivision (c) of section 904.1, Code of Civil Procedure.

■ There can be no question but that, apart from the alleged effect of the April 16th agreement, plaintiff had secured a valid service on defendant. He was personally present in California, he was served here, the cause of action was transitory. The law requires no more.

Defendant has cited us to no authority for his contention that, no matter what the effect of the agreement may be on plaintiff's right to recover under the present complaint, or even on her right to maintain her action hereafter, it operated to oust the courts of this state of a jurisdiction otherwise validly acquired.[3] Defendant confuses his right against a person who breaches a contract and his rights here. The agreement relied on is, in effect, a covenant not to sue, as to which it is settled that it does not suspend or affect in any way the covenantor's right to sue, but that the covenantee's sole remedy is either to plead the covenant as a defense or to sue for damages for its breach. (45 Am.Jur., Release (1943) § 3, p. 676; *Dow* v. *Tuttle* (1808) 4 Mass. 414.) Thus it may be that defendant has a good defense to plaintiff's suit and that he may have a good cause of action for a cross-complaint (a matter which, as we said above, we do not here determine); but he may not, by a motion to quash, escape the effect of a service of process on him.

The order is reversed.

Files, P. J., and Dunn, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied December 23, 1971.

---

[3]Defendant cites us to *Weisz* v. *Weisz* (1971) 19 Cal.App.3d 676 [97 Cal.Rptr. 18]. But, in that case, as the court points out, there was no issue as to jurisdiction over either the parties or the subject matter. In effect that decision supports our holding that defendant's remedy is to answer and plead the agreement as a defense.