[No. D008906. Fourth Dist., Div. One. Jan. 4, 1989.]

REGAL RECOVERY AGENCY, INC., Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
ASSOCIATED TOWING COMPANY, Real Party in Interest.

**COUNSEL**

Higgs, Fletcher & Mack, John Morris and Lamar B. Brown for Petitioner.

No appearance for Respondent.

Kinkle, Rodiger & Spriggs and Jefferi Hamilton for Real Party in Interest.

**OPINION**

**BENKE, J.**—The underlying suit arises out of the alleged wrongful death of Ernest Mosher who suffered fatal injuries during the repossession of his car. His estate brought suit against the bank, the towing company and the repossession company, Regal Recovery Agency (Regal) among others. The towing company settled first for $500,000, and had it confirmed as a good faith settlement; the bank settled second for $75,000 and had it confirmed as a good faith settlement; Regal settled for $100,000 but since there were no cross-complaints did not have the settlement confirmed. The suit was dismissed in December 1986.

Thereafter the towing company filed suit against Regal for indemnity or contribution. Regal answered and later amended its answer to add good faith settlement as an affirmative defense. However, Regal has been unable to obtain a confirmation of its settlement. It first sought a determination in the underlying suit brought by Mosher. However, the trial court properly refused to hear the matter because the suit had been dismissed and the court had no jurisdiction. ■ Regal then filed a motion for good faith settlement in this case but the court declined to hear the matter believing it had no jurisdiction to resolve the issue of good faith settlement in the underlying

case. However, the trial court here had jurisdiction and should have heard the motion.

Code of Civil Procedure section 877, provides: "Where a . . . dismissal with or without prejudice, . . . is given in good faith *before verdict or judgment* to one or more of a number of tortfeasors claimed to be liable for the same tort, . . . [¶] (b) [i]t *shall* discharge the party to whom it is given from *all* liability for any contribution to *any* other parties." (Italics added.)

Here no judgment or verdict has been rendered. The case was dismissed. There is nothing in the statute to limit the court's jurisdiction under these circumstances. Likewise, Code of Civil Procedure section 877.6, which sets forth the procedure for bringing a motion for good faith settlement, does not place any time constraints on the court's jurisdiction. Rather the statute states: "(a) [a]ny party to an action wherein it is alleged that two or more parties are joint tortfeasors . . . *shall be entitled to a hearing* on the issue of the good faith of a settlement entered into by the plaintiff or other claimant and one or more alleged tortfeasors . . . ." (Italics added.) The present case involves an actual controversy and gives the court jurisdiction to entertain the hearing for a good faith settlement.

Real party suggests that *American Bankers Ins. Co.* v. *Avco-Lycoming Division* (1979) 97 Cal.App.3d 732 [159 Cal.Rptr. 70], addresses nearly the same issue. However, the issue in *American Bankers* was whether the settling tortfeasor could file a postsettlement suit for indemnity after the principal action was dismissed with prejudice against a defendant who had not been named in a cross-complaint. There, American Banker had settled for the full amount of the claim and then sought indemnity from its codefendants. In contrast, here the codefendant has also settled. The towing company is not precluded under *American Banker* from bringing suit against Regal for indemnity. But Regal has the right to defend with its good faith settlement. The court had the jurisdiction and the duty to hear the question of whether that settlement should be confirmed as in good faith.

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ issue directing the superior court to vacate its denial of the motion for good faith settlement and to calendar at its earliest convenience a hearing as provided by Code of Civil Procedure section 877.6

on whether Regal's settlement was in good faith. The stay issued by this court on October 27, 1988, is vacated.

Kremer, P. J., and Todd, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied March 16, 1989.