[No. F030476. Fifth Dist. June 29, 1999.]

BRITZ, INC., Plaintiff and Appellant, v.
DOW CHEMICAL COMPANY et al., Defendants and Respondents.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part 2 of Discussion.

**COUNSEL**

Frame & Matsumoto and Ted R. Frame for Plaintiff and Appellant.

Hardin, Cook, Loper, Engel & Bergez, Gennaro A. Filice III and Nicholas D. Kayhan for Defendant and Respondent Dow Chemical Company.

Sedgwick, Detert, Moran & Arnold, Stephen Jones, Anthony J. Anscombe and Kirk C. Jenkins for Defendant and Respondent Shell Oil Company.

Landels, Ripley & Diamond and Stephen C. Lewis for Defendants and Respondents Occidental Chemical Corporation, Occidental Chemical Holding Corporation and Occidental Petroleum Corporation.

## OPINION

**THAXTER, J.**—A joint tortfeasor settles with the plaintiff, obtains a good faith settlement determination, is dismissed from the case and dismisses its cross-complaint for indemnity against its codefendants. Subsequently, the codefendants settle with the plaintiff and, after notice to the joint tortfeasor, obtain good faith settlement determinations. Can the joint tortfeasor then pursue a separate action for indemnity against its former codefendants? We hold it may not.

### FACTS

In 1990, the Cities of Fresno, Clovis, Dinuba and Reedley sued Shell Oil Company (Shell), Dow Chemical Company (Dow), Occidental Chemical Corporation (Occidental), Britz, Inc. (Britz) and other parties in separate San Francisco Superior Court actions alleging the defendants had contaminated their drinking water supplies with the agricultural pesticides DBCP (1, 2, dibromo-3-chloropropane) and EDB (ethylene dibromide). Dow, Shell and Occidental manufactured the chemicals; Britz and other parties sold them to farmers. The cities alleged that Britz, unlike most of the other retailer defendants, sold DBCP after it was banned by the State of California in 1977. Britz cross-complained for indemnity against Dow, Shell and Occidental in the City of Fresno action.

In 1994, Britz settled with the cities, agreeing to pay $1.3 million with no admission of liability. The court determined the settlement was in good faith pursuant to Code of Civil Procedure section 877.6,[1] and the cities dismissed Britz from the actions. Britz then dismissed its cross-complaint in the San Francisco action and filed this action against Dow, Shell and Occidental (the manufacturers) seeking indemnity for the amount it had paid to settle with the four cities.

Eventually, the manufacturers settled with the cities and obtained good faith settlement determinations. Britz was notified of the motions and hearings. It appeared and opposed the good faith determination regarding the settlement with the City of Fresno, but did not appear at the hearings regarding the settlements with the other cities. Thereafter, Britz filed a first amended complaint seeking indemnity, declaratory relief and damages for fraud and negligent misrepresentation based on essentially the same allegations of wrongdoing by the manufacturers alleged in its original complaint for indemnity. The trial court took judicial notice of the good faith settlement determinations made in the San Francisco actions and sustained the

---

[1] Further statutory references are to the Code of Civil Procedure unless otherwise indicated.

manufacturers' demurrer to Britz's complaint. The court concluded that Britz's claims were barred by the good faith determinations. Britz appeals from the subsequent dismissal of its action.

Britz contends (1) because it was no longer a party to the San Francisco actions when the court ruled on the manufacturers' good faith settlement motions, those determinations do not bar its claims in this action; and (2) section 877.6 does not bar its claims for fraud and negligent misrepresentation. Neither contention has merit.

## Discussion

In reviewing the sufficiency of a complaint against a general demurrer, we treat the demurrer as admitting all material facts properly pleaded, but not contentions or conclusions of law or fact. When court records which the court may judicially notice provide ground for objection to a complaint, a demurrer on that ground is proper. (Evid. Code, § 452, subd. (d); *Cochran v. Cochran* (1997) 56 Cal.App.4th 1115, 1119-1120 [66 Cal.Rptr.2d 337].)

1. *The good faith settlement determinations barred Britz's claims for indemnity.*

A good faith settlement bars other joint tortfeasors from further claims of indemnity against the settling tortfeasor.

"A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor . . . from any further claims against the settling tortfeasor . . . for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." (§ 877.6, subd. (c).)

Britz acknowledges it is an "alleged joint tortfeasor," but contends section 877.6, subdivision (c) applies only to parties to the action at the time the determination is made. Because it was no longer a party when the manufacturers settled with the cities and obtained the good faith determinations, Britz claims that section 877.6, subdivision (c)'s bar does not apply to its claims. Britz argues it is entitled to another hearing to challenge the good faith determinations even though it appeared and opposed the good faith determination as to the settlement with the City of Fresno and was noticed but chose not to contest the determination as to the other settlements.

While there is no case law directly on point, a case from this court is instructive. In *Singer Co. v. Superior Court* (1986) 179 Cal.App.3d 875 [225

Cal.Rptr. 159], we held that section 877.6, subdivision (c) did not entitle a manufacturer, joined as a defendant after a determined good faith settlement between plaintiffs and a codefendant, to a separate hearing on the good faith of the settlement in connection with its cross-claims against the codefendant. Although section 877.6, subdivision (a) referred to the entitlement of "parties" to a hearing on the good faith issue, section 877.6, subdivision (c) barred "any other joint tortfeasor" from further claims against settling tortfeasors for contribution and indemnity. Additionally, section 877.6 was enacted to implement section 877, which used language consistent with a legislative intent that a settling tortfeasor's discharge encompasses claims of all other joint tortfeasors whether or not named as parties. (179 Cal.App.3d at p. 889.) However, due process required that a nonparty, whose potential liability was known or should have been known at the time of the good faith of the settlement, be given an opportunity to be heard on the good faith of a settlement. If sections 877 and 877.6 were not so interpreted, they would deprive the nonparty of a significant property right without due process of law. (*Singer Co.* v. *Superior Court, supra*, at pp. 881, 890-891; accord, *Rankin* v. *Curtis* (1986) 183 Cal.App.3d 939, 950 [228 Cal.Rptr. 753] (dis. opn. of Staniforth, Acting P. J.) [a nonparticipating, uninvited, unserved defendant or cross-defendant is not barred from seeking indemnity from the settling parties].)

Britz's contention focuses on jurisdiction rather than due process. Britz submits when a party is dismissed from the action or when it voluntarily dismisses its action, the court loses jurisdiction to act in connection with the party. The former party becomes a stranger to the action. (2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 317, p. 890; 6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 272, p. 692.) Thus, Britz was a stranger to the San Francisco action after the cities dismissed it from the action and it dismissed its cross-complaint against the manufacturers. It remained a nonparty despite notice of the good faith hearings. Notice does not substitute for proper service, a prerequisite to jurisdiction. (2 Witkin, *supra*, § 122, p. 663.) Britz concludes, there is no suggestion in section 877.6 or its legislative history that the Legislature, in enacting section 877.6, intended to abrogate the statutory requirements of jurisdiction and service of process. Britz's arguments reflect a misunderstanding of sections 877 and 877.6.

Section 877, subdivision (b) provides "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, . . . [¶] . . . [i]t shall discharge the party to whom it is given from all liability for any contribution

to any other parties." While section 877 refers to liability for contribution, the legislative policy underlying the provision makes it equally applicable to claims for partial or comparative indemnity by joint tortfeasors. The Supreme Court has noted few things would better frustrate section 877's policy and discourage settlement of disputed claims than knowledge that a settlement lacked finality and would lead to further litigation with joint tortfeasors, and perhaps further liability. (*American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578, 604 [146 Cal.Rptr. 182, 578 P.2d 899].) Thus, section 877, as interpreted by the Supreme Court—not the San Francisco Superior Court—deprived Britz of the right to seek indemnity from the manufacturers once they settled in good faith with the cities and were dismissed from the actions. Moreover, nothing in section 877 required that the court have jurisdiction over all "the tortfeasors claimed to be liable for the same tort" in order for the manufacturers' good faith settlement to discharge them from indemnity liability from those tortfeasors.

Similarly, section 877.6, subdivision (c) prescribes a substantive right of discharge from liability. The subdivision is a codification of the *American Motorcycle Assn.* v. *Superior Court* principle set forth above. (*Shane* v. *Superior Court* (1984) 160 Cal.App.3d 1237, 1245 [207 Cal.Rptr. 210].) The San Francisco court's good faith determination formalized the manufacturers' right of discharge from liability claims by joint tortfeasors. It did not make any direct order as to Britz or adjudicate any issue in the Fresno action. And, like section 877, nothing in section 877.6, subdivision (c) required that the court have jurisdiction over "any other joint tortfeasor" in order for the good faith determination to bar its claim for indemnity. That Britz was not a party at the time of the good faith determination is irrelevant so long as it was given notice and an opportunity to challenge the determination. (*Singer Co.* v. *Superior Court*, *supra*, 179 Cal.App.3d at p. 881.)

Because Britz was not a party and no longer under the jurisdiction of the San Francisco court, the court could not make any order as to it. For example, the San Francisco court could not declare that Britz's Fresno action was barred by the good faith determination for the manufacturers. (*Shane* v. *Superior Court*, *supra*, 160 Cal.App.3d at p. 1243.)[2] However, in determining that the manufacturers settled in good faith, the San Francisco court did not make any determination regarding Britz's indemnity claims in this action. The court's good faith determination merely enabled the manufacturers to assert section 877.6, subdivision (c)'s bar by way of general demurrer in this action. (*Shane* v. *Superior Court*, *supra*, at p. 1245.)

---

[2]Contrary to Britz's assertion, *Shane* held that the court lacks jurisdiction to declare that a settlement in the underlying action bars a pending claim in another action. It did not hold that a section 877.6 determination does not bar a claim asserted in a separate action which is not before the court for adjudication. *Shane* implied the settling tortfeasor could raise section 877.6's bar to the other tortfeasor's claim in the separate action by way of demurrer. (*Shane* v. *Superior Court*, *supra*, 160 Cal.App.3d at p. 1250.)

Britz selectively cites language from *Singer Co.* v. *Superior Court, supra,* 179 Cal.App.3d 875 in support of its position. It notes that *Singer* rejected the settling party's argument that "important policy considerations dictate that a trial court's determination a settlement is in good faith be binding on all joint tortfeasors whether or not they are parties at the time of the determination and regardless of the knowledge of the settling parties." (*Id.* at p. 891.) In addition, *Singer* stated, "[f]ailure to bring into the good faith settlement determination any likely defendant as a necessary party will have the usual effect—the judgment cannot bind the absent party" (*id.* at p. 892) and "[the] argument that the goal of settlement will be frustrated if a good faith adjudication is not binding on all later-named defendants, regardless of their absence from the litigation at the time of the good faith adjudication, has lost much of its viability with the Supreme Court's decision in *Tech-Bilt*[, *Inc.*] v. *Woodward-Clyde & Associates* [(1985)] 38 Cal.3d 488 [213 Cal.Rptr. 256, 698 P.2d 159]." (*Id.* at p. 893.) Britz concludes, the "parallel in the pending action is obvious."

The parallel is obvious only to Britz. First, Britz was not a party to the San Francisco action at the time of the good faith determination not because it had not yet been named in the action, but because it had dismissed its cross-complaint for indemnity in that action and filed this action seeking the same relief. Second, unlike the joint tortfeasor in *Singer* who had no notice or opportunity to contest the good faith determination, Britz had both. The due process right to be heard is satisfied when a party is informed the matter is pending so he or she can choose whether or not to contest it. (*Bradshaw* v. *Park* (1994) 29 Cal.App.4th 1267, 1278 [34 Cal.Rptr.2d 872].) Third, to the extent the cases are parallel, the similarities repudiate Britz's position. *Singer* states that a settling tortfeasor's section 877.6, subdivision (c) discharge encompasses claims of all other joint tortfeasors, whether or not named as parties, provided the barred joint tortfeasor is provided a right to be heard on the good faith of the settlement. (*Singer Co.* v. *Superior Court, supra,* 179 Cal.App.3d at pp. 889-890.)

Britz also cites *Regal Recovery Agency, Inc.* v. *Superior Court* (1989) 207 Cal.App.3d 693 [255 Cal.Rptr. 34] as analogous. It is not. There, three joint tortfeasors settled serially with plaintiff Mosher. The first two entities that settled had their settlements confirmed as made in good faith. The third entity, Regal, who at the time faced no cross-complaints, did not. The Mosher case was dismissed. Thereafter, the first settling defendant sued Regal for indemnity. Regal sought a good faith determination in the Mosher suit. The court refused to hear the matter because the suit had been dismissed and the court had no jurisdiction. Regal then sought a good faith determination in the indemnity (Regal) action but the court refused to hear it, believing

it had no jurisdiction to resolve the issue of good faith settlement in the Mosher case. The appellate court disagreed. Regal's settlement fell within the provisions of section 877, and section 877.6 did not place any time constraints on the court's jurisdiction to make a good faith determination. The Regal court had the jurisdiction and the duty to determine whether the settlement should be confirmed as in good faith. (*Regal Recovery Agency, Inc.* v. *Superior Court, supra,* at pp. 694-695.)

Britz asserts the San Francisco court was in the same position as the Mosher court because the court had lost jurisdiction over Britz. And the Fresno court, like the Regal court, was the proper court to make the good faith settlement determination as to Britz. Not so; the San Francisco court had the jurisdiction and the duty to determine the good faith of the manufacturers' settlement with the cities. The issue properly was determined in that court as to all joint tortfeasors who had notice and an opportunity to be heard regardless of whether they were parties to the action at the time.

One of the purposes underlying section 877.6 is to ease court congestion by providing an incentive to settle the entire underlying litigation. (*Singer Co.* v. *Superior Court, supra,* 179 Cal.App.3d at p. 891.) Permitting early settling joint tortfeasors to bring a separate indemnity action and relitigate the issue of good faith settlement in a court unfamiliar with the underlying action would contravene that purpose.

In summary, when the manufacturers settled the cities' actions in good faith, section 877 discharged them from liability for indemnity to any joint tortfeasor. When the court determined the settlement was made in good faith, section 877.6, subdivision (c) barred Britz's claims for indemnity against the manufacturers. That Britz was not a party at the time of the determination is irrelevant so long as it was given notice and an opportunity to challenge the determination. (*Singer Co.* v. *Superior Court, supra,* 179 Cal.App.3d at p. 881.) The San Francisco court did not have to have jurisdiction over joint tortfeasor Britz, and the manufacturers were not obligated to bring Britz back into the San Francisco action as a party for the good faith determination in order to assert section 877.6, subdivision (c)'s bar in this action to Britz's indemnity claim. Thus, the trial court correctly sustained the manufacturers' demurrer to the indemnity causes of action.

In the alternative, Britz contends that only the good faith determination in the City of Fresno case bars its claims because it did not appear or contest the good faith determination of the manufacturer's settlement with the other three cities. Therefore, the general demurrer did not lie to part of its indemnity causes of action. This argument fares no better than the first. As

set forth above, sections 877 and 877.6, subdivision (c) barred Britz's indemnity claims against the manufacturers regardless of whether Britz appeared and contested the determinations. Further, because Britz had notice of the proceedings and an opportunity to be heard, its failure to participate did not offend due process or entitle it to a separate hearing. All four good faith settlement determinations are enforceable against Britz. Thus, Britz's claim that the general demurrers were properly directed only at the Fresno settlement is incorrect.

2.   *The fraud and negligent misrepresentation claims are also barred.*\*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

DISPOSITION

Judgment affirmed. Costs to respondents.

Dibiaso, Acting P. J., and Vartabedian, J., concurred.

Appellant's petition for review by the Supreme Court was denied October 6, 1999. Chin, J., did not participate therein.

---

\*See footnote, *ante*, page 177.