[No. B160942. Second Dist., Div. One. Jan. 9, 2003.]

NUTRITION NOW, INC., et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CAPPSEALS, INC., et al., Real Parties in Interest.

COUNSEL

Law Offices of Dallas Simmons and William L. Friedman for Petitioner Nutrition Now, Inc.

Tressler, Soderstrom, Maloney & Priess, Dirk P. Broersma and Alexander S. Gareeb for Petitioner Natural Retail Group, Inc.

No appearance for Respondent.

Shelden and Kulchin, Mario R. Rivera and Aaron E. Shelden for Real Party in Interest Cappseals, Inc.

Bragg, Serota & Kuluva and Steve K. Johnson for Real Party in Interest Pacific Grain Products, Inc.

OPINION

VOGEL (MIRIAM A.), J.—David Goldstein sued Nutrition Now, Inc., in Connecticut to recover for injuries allegedly caused by nutritional supplement capsules marketed by Nutrition Now. Nutrition Now settled with Goldstein for $1.4 million, then came to California and filed this equitable indemnity and contribution action against Cappseals, Inc.[1] Cappseals cross-complained against Nutrition Now for indemnity, and Nutrition Now then filed a motion for a determination that its Connecticut settlement with Goldstein was made in good faith. (Code Civ. Proc., §§ 877, 877.6.)[2] Cappseals opposed the motion, contending a California court could not determine whether the Connecticut settlement was made in good faith. The trial court said the settlement was "too remote" and denied the motion without reaching its merits. We reach a different result in this writ proceeding, finding nothing in the statutory scheme or its *raisons d'être* to limit section 877.6 to settlements reached in California lawsuits.

DISCUSSION

A.

Subdivision (a) of section 875 provides: "Where a money judgment has been rendered jointly against two or more defendants in a tort action there

---

[1]There was another plaintiff (Goldstein's wife) and there were several other defendants, and the settlements were far more complex than suggested by our alembicated summary. For the time being, the other parties and the other facts are irrelevant.

[2]All section references are to the Code of Civil Procedure.

shall be a right of contribution among them" as provided in the remaining parts of the statute.

Section 877 provides: "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . : [¶] (a) It shall not discharge any other such party from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it whichever is the greater. [¶] (b) It shall discharge the party to whom it is given from all liability for any contribution to any other parties."

Section 877.6 provides, as relevant: "(a)(1) Any party to an action in which it is alleged that two or more parties are joint tortfeasors or co-obligors on a contract debt shall be entitled to a hearing on the issue of the good faith of a settlement entered into by the plaintiff . . . and one or more alleged tortfeasors or co-obligors, upon giving notice in the manner provided in subdivision (b) of Section 1005. Upon a showing of good cause, the court may shorten the time for giving the required notice . . . . [¶] (2) In the alternative, a settling party may give notice of settlement to all parties and to the court, together with an application for determination of good faith settlement and a proposed order. The application shall indicate the settling parties, and the basis, terms, and amount of the settlement. . . . However, this paragraph shall not apply to settlements in which a confidentiality agreement has been entered into regarding the case or the terms of the settlement.

"(b) The issue of the good faith of a settlement may be determined by the court on the basis of affidavits served with the notice of hearing, and any counteraffidavits filed in response, or the court may, in its discretion, receive other evidence at the hearing.

"(c) A determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault. . . ."

B.

A good faith determination may be made in the tort action in which the settlement is reached (§ 877.6, subd. (a)) or in a subsequently filed

indemnity action (*Regal Recovery Agency, Inc. v. Superior Court* (1989) 207 Cal.App.3d 693, 695 [255 Cal.Rptr. 34]), and there is nothing in the statutory scheme or its dual objectives—to encourage settlements and to permit the equitable allocation of costs among joint tortfeasors (*Tech-Bilt, Inc. v. Woodward-Clyde & Associates* (1985) 38 Cal.3d 488, 498-499 [213 Cal.Rptr. 256, 698 P.2d 159]; *River Garden Farms, Inc. v. Superior Court* (1972) 26 Cal.App.3d 986, 993 [103 Cal.Rptr. 498])—to preclude consideration of an out-of-state settlement. (Cf. *Mid-Century Ins. Exchange v. Daimler-Chrysler Corp.* (2001) 93 Cal.App.4th 310, 314 [112 Cal.Rptr.2d 880] [a "remote, prelawsuit settlement is not outside the ambit of section 877.6"].)

■ The place of settlement is not relevant to the good faith determination, which turns on the trial court's analysis of the amount of the settlement and whether it is "within the reasonable range of the settling tortfeasor's proportionate share of comparative liability for the plaintiff's injuries," taking into account "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, the allocation of settlement proceeds among plaintiffs," the fact "that a settlor should pay less in settlement than he would if he were found liable after a trial," the financial condition and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants, all "on the basis of information available at the time of settlement" and with the thought in mind that a " 'settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be.' " (*Tech-Bilt, Inc. v. Woodward-Clyde & Associates, supra,* 38 Cal.3d at p. 499.)

■ The place of settlement is not relevant to the good faith determination process, which most often proceeds by affidavits and declarations (§ 877.6, subd. (b)), with the burden of proof on the party challenging the settlement to "demonstrate, if he can, that the settlement is so far 'out of the ballpark' in relation to [the factors listed above] as to be inconsistent with the equitable objectives of the statute." (*Tech-Bilt, Inc. v. Woodward-Clyde & Associates, supra,* 38 Cal.3d at pp. 499-500.) Generalized valuation criteria recognized by the California personal injury bar, insurance claims departments, and trial courts are presumably the same or similar in other states (the parties have not suggested otherwise), and a California trial court is free to consider a declaration from an expert familiar with the evaluation process in the state where the settlement is made. (*Tech-Bilt, Inc. v. Woodward-Clyde &*

*Associates, supra,* 38 Cal.3d at p. 500 [in ruling a good faith motion, the trial court may consider expert testimony].)[3]

### C.

The parties agree and our research confirms that Connecticut does not have a good faith statute, thereby eliminating the possibility of a conflict of laws issue in this case and leaving the trial court free to determine the merits of Nutrition Now's motion just as it would any other motion to determine whether a settlement was made in good faith. (*Robert McMullan & Son, Inc. v. United States Fid. & Guar. Co.* (1980) 103 Cal.App.3d 198 [162 Cal.Rptr. 720].) Because the trial court believed it had no authority to determine whether a non-California settlement was made in good faith, the court did not reach the merits of Nutrition Now's motion—and we, in turn, have not considered the merits of that motion in these writ proceedings. Our direction to the trial court is to hear and decide the motion, and we do not intend anything in this opinion to suggest a view about its merits.

### DISPOSITION

The petition is granted, and a peremptory writ shall issue directing the trial court (1) to vacate its order denying Nutrition Now's motion to determine the good faith of its settlement and (2) to hear and determine the merits of the motion. The parties are to pay their own costs of these writ proceedings.

Ortega, Acting P. J., and Mallano, J., concurred.

---

[3]The fact that some states have good-faith determination procedures similar to ours, some have different procedures, and some have none at all (*McDermott, Inc. v. AmClyde* (1994) 511 U.S. 202, 213 [114 S.Ct. 1461, 1467-1468, 128 L.Ed.2d 148]; *Tech-Bilt, Inc. v. Woodward-Clyde & Assoc., supra,* 38 Cal.3d 488; *TBG Inc. v. Bendis* (D.Kan. 1992) 811 F.Supp. 596, 605, fn. 17, 608; *Noyes v. Raymond* (1990) 28 Mass.App. 186 [548 N.E.2d 196, 199]) does not mean that non-California lawsuits do not settle at all or settle according to a valuation formula beyond the understanding of a California trial judge.