Filed 4/22/22  Paule v. Asram Properties, LLC CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| IRENEE PAULE,<br><br>      Plaintiff and Appellant,<br>v.<br>ASRAM PROPERTIES, LLC,<br><br>      Defendant and Respondent. | A161797<br><br>(Alameda County<br>Super. Ct. No. RG1889665) |

Irenee Paule filed the underlying lawsuit against parties who allegedly deprived her of her contractual right to purchase commercial property in San Lorenzo (the property).  In her complaint, Paule alleged causes of action against Asram Properties, LLC, the current owner of the property, for imposition of a constructive trust and civil conspiracy.  Asram filed a motion to strike these causes of action pursuant to Code of Civil Procedure section 436 governing motions to strike.  (Undesignated statutory references are to the Code of Civil Procedure.)  The trial court granted Asram's motion on the ground that the parties executed a stipulation that obligates Paule to dismiss her claims against Asram.

We will reverse the judgment for two related reasons.  First, section 436 does not authorize striking an entire cause of action on a non-procedural

1

ground, and second Asram failed to demonstrate that Paule's claims are barred as a matter of law.

## BACKGROUND

### I. Paule's Complaint

In January 2018, Paule filed a complaint for constructive trust, specific performance, and damages, which she amended the following month. The complaint names four defendants: Teresita Laguna, a former owner of the property; two real estate brokers associated with Laguna; and Asram, who Paule described as a company that "purportedly" purchased the property from Laguna in December 2017.

Paule's complaint alleges the following facts: In April 2016, Paule leased the property from Laguna for a period of three years and secured the contractual " 'right of refusal to renew the lease or if lessor decides to sell the property.' " In January 2017, Laguna listed the property for sale at a price of $999,000. In February, Paule made an offer to purchase the property for $850,000, which Laguna rejected. Sometime later, Asram submitted an offer for $905,000. In October, Laguna's broker informed Paule that Asram had submitted an offer that was higher than Paule's offer and told Paule that if she offered $905,000, the property would be hers. In response, Paule exercised her right of first refusal and submitted an offer to purchase the property for $905,000, pursuant to terms that were comparable to Asram's offer. When Paule made inquiries about the status of her offer, Laguna's broker concealed material facts, including that Laguna was proceeding with a sale to Asram and that Laguna never intended to sell the property to Paule. In late December 2017, Laguna sold the property to Asram with the assistance of her broker.

2

Paule incorporated her factual allegations into causes of action against Laguna and/or the broker defendants for breach of contract, breach of statutory duties, specific performance, fraud, and civil conspiracy. Asram was a named defendant in two causes of action: the conspiracy claim, which was alleged against all defendants; and Paule's third cause of action for imposition of a constructive trust, which was alleged solely against Asram. As additional support for her claims against Asram, Paule alleged that Asram was aware, before it purchased the property, that Paule had exercised her right of first refusal and that the other defendants had prevented Paule from acquiring the property by breaching their contractual and statutory duties and committing fraud.

## II. Asram's Unlawful Detainer Case

In May 2019, Asram filed an unlawful detainer complaint against Paule due to her failure to comply with a 3-day notice to pay rent or quit the premises after she failed to pay rent in March and April of that year. Asram sought $11,000 for past due rent, attorney's fees, forfeiture of the rental agreement, and other damages. Paule did not respond to the complaint. On May 23, Asram obtained a default judgment for "restitution of the premises only."

In June 2019, Paule filed a notice of related cases, informing the court that Asram's unlawful detainer case was related to her pending action, which involved the same property. In July, the court set aside the default judgment pursuant to a stipulation, which was signed by Paule's counsel and Asram's counsel on July 2, 2019 (the 2019 Stipulation).

The 2019 Stipulation consists of seven numbered paragraphs. Paragraph one provides that the entry of default and default judgment in Asram's unlawful detainer case "shall be set aside and vacated by order of

3

this court in accord with this stipulation." Paragraphs two through six provide that Paule shall take or refrain from taking various actions. As relevant here, paragraph two provides that Paule's answer to Asram's unlawful detainer complaint "shall" admit Paule's failure to pay rent for two months and shall allege only one affirmative defense: that Asram acquired the property in constructive trust for the benefit of Paule, based on the complaint allegations in Paule's related case. Paragraph six precludes Paule from objecting to a trial of the unlawful detainer case occurring "not later" than October 2019, subject to various conditions, including that Paule reserves "her right" to present her affirmative defense, to obtain a jury trial of her affirmative defense, and to object to a trial date that would prevent her from presenting all relevant evidence. Paragraph seven, the final term in the stipulation, states: "If Asram prevails in the UD Case No. RG19-017177, Paule shall promptly dismiss with prejudice her claim against Asram in Civil Case No. BG18-889665."

On July 16, 2019, Paule filed her answer to the unlawful detainer complaint, which included the affirmative defense that "Asram acquired the property in constructive trust for the benefit of Paule with the duty to convey the property to Paule and turn over full ownership to Paule, including the further duty to return to Paule all rent payments collected in trust for her benefit."

On September 12, 2019, the court sustained a demurrer to Paule's answer to the unlawful detainer complaint and denied as moot Asram's related motion to strike Paule's affirmative defense. The demurrer was sustained with leave to amend on the ground that Paule failed to state facts sufficient to constitute a defense. The court based this ruling on authority establishing that the ability to contest title through the summary proceeding

4

of an unlawful detainer is strictly limited and that equitable grounds for attacking an acquisition of title are generally not permitted. (Citing *Cheney v. Trauzettel* (1937) 9 Cal.2d 158, 159-160.) The court found that an exception to this general rule can be made only when no party objects, and here Asram objected to Paule asserting this equitable defense. (Citing *Vella v. Hudgins* (1977) 20 Cal.3d 251, 256-258.)

The order sustaining the demurrer directed Paule to file an amended answer no later than September 20, 2019, noting that the court was aware that Paule's ability to amend "may be constrained" by the 2019 Stipulation. The court stated that its ruling had no bearing on the merits of Paule's cause of action to impose a constructive trust in her related case. Finally, the court denied without prejudice a request by Paule to consolidate the unlawful detainer action with her case, finding the matter had not been properly presented to the court.

Paule did not file an amended answer to Asram's unlawful detainer complaint. On October 7, 2019, Asram obtained another default judgment for "restitution of the premises only." Paule filed an appeal, which was not successful. On June 3, 2020, the appellate division of the superior court issued its ruling in a minute order, which states: "The order of the trial court sustaining Asram Properties, LLC's demurrer with leave to amend is affirmed. The defendant failed to file an amended answer." Paule's petition for rehearing was denied on August 18, 2020.

## III. Asram's Dismissal from Paule's Case

In October 2020, Asram filed a motion to strike Paule's causes of action against Asram pursuant to section 436 on the ground that Paule had violated the 2019 Stipulation. Asram argued that these causes of action are improper because Paule agreed to dismiss them with prejudice if Asram prevailed in

5

the unlawful detainer case, Asram had prevailed in that case, and yet Paule refused to dismiss her claims.

Paule opposed the motion to strike on the ground that the 2019 Stipulation does not require her to dismiss her claims against Asram. Paule argued, among other things, that: the parties intended the word "prevail[]" in paragraph seven to mean prevail at a jury trial of the facts; Asram's proffered interpretation of paragraph seven is inconsistent with rules governing contract interpretation; and Asram is judicially estopped from asserting that it prevailed in the unlawful detainer case.

On December 11, 2020, the trial court granted Asram's motion to strike and ordered that Paule's claims against Asram be dismissed with prejudice. The court found that under paragraph seven of the 2019 Stipulation, Paule was obligated to dismiss her claims against Asram because Asram had prevailed in the unlawful detainer case, which Paule had appealed unsuccessfully and was now final. On December 17, 2020, the court entered a final judgment dismissing Asram from Paule's case. This timely appeal followed.

## DISCUSSION

### I. Issues Presented

Paule contends that the order granting Asram's motion to strike must be reversed because the 2019 Stipulation does not require her to dismiss her claims against Asram. Seeking de novo review of the trial court's interpretation of paragraph seven of the stipulation, Paule contends that her claims against Asram should not be stricken because: she and Asram did not mutually consent to the meaning of the word "prevails"; failing to clarify that the word means "prevails at trial" was an excusable mistake; and Asram is

6

judicially estopped from arguing that the 2019 Stipulation bars Paule's claims.

Asram counters that the judgment must be affirmed because the trial court did not abuse its discretion by granting Asram's motion to strike. According to Asram, all of Paule's appellate arguments about why the 2019 Stipulation does not bar her claims are either forfeited or should be rejected because she failed to prove them in the trial court.

All of these contentions beg the question whether Asram's motion to strike was the proper vehicle for the court to resolve the parties' dispute about their respective obligations under the 2019 Stipulation.[1]  As we will explain, Asram's pleading challenge was not a valid motion to strike but a substantive attack of Paule's claims.  Moreover, the trial court erred by dismissing Paule's claims when the record does not show that they are barred as a matter of law by the 2019 Stipulation.

## II.  Asram Mislabeled Its Motion As A Motion to Strike

Section 436 authorizes a court to strike allegations from a pleading in two situations.  Under subdivision (a) (section 436(a)), the court may:  "Strike out any irrelevant, false, or improper matter inserted in any pleading."  This provision does not authorize striking an entire cause of action, but permits the court to excise "superfluous or abusive allegations."  (*Ferraro v. Camarlinghi* (2008) 161 Cal.App.4th 509, 528 (*Ferraro*).)

Section 436, subdivision (b) (section 436(b)) provides that a court may:  "Strike out all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court."  This provision "authorizes the striking of a pleading due to improprieties in its

---

[1]  Because the parties originally overlooked this issue, we invited them to address the matter in supplemental briefs.

7

*form* or in the *procedures* pursuant to which it was filed" and "is commonly invoked to challenge pleadings filed in violation of a deadline, court order, or requirement of prior leave of court." (*Ferraro*, *supra*, 161 Cal.App.4th at p. 528.)

In the present case, Asram filed its motion to strike under section 436 without specifying which subdivision of the statute allegedly applied.[2] The motion characterized the causes of action that Asram sought to strike as "improper," but Asram did not attack any "matter inserted" in Paule's complaint. (§ 436(a).) Nor did Asram contend that Paule's pleading was "drawn or filed" in violation of a deadline, court order, or other procedural requirement. (§ 436(b).)

Asram did argue that the trial court should strike Paule's causes of action against Asram because "the maintenance" of those claims "contravenes" the prior court order that was entered in the unlawful detainer case. Asram repeats this argument in it supplemental brief, contending that Paule violated the July 2019 order, entered by the same trial judge in a related case, by refusing to voluntarily dismiss her claims against Asram. The premise of this argument is that the 2019 Stipulation that was incorporated into the July 2019 order requires Paule to dismiss her claims against Asram, a premise that Paule disputes. Asram's motion to strike under section 436 was not the proper mechanism for the trial court to resolve this factual dispute for two distinct reasons.

First, as Asram's supplemental brief acknowledges, "[s]ection 436(b) authorizes striking a pleading that was 'filed in violation of a . . . court order.'" (Quoting *Ferraro*, *supra*, 161 Cal.App.4th at p. 528.) There is no

---

[2] The order granting Asram's motion does not cite or discuss section 436. Nor does Asram's 65-page Respondent's Brief.

8

disputing that Paule's complaint was *filed* and answered by Asram more than a year before the July 2019 order was issued in the unlawful detainer case. Thus, Paule's claims against Asram were not "drawn or filed" in violation of the July 2019 order. (§ 436(b).)

Second, Asram's substantive contention—that Paule has violated an enforceable covenant not to sue Asram—is a potential defense to Paule's causes of action. (*Rosenstock v. Rosenstock* (1971) 20 Cal.App.3d 847, 851.) But the motion to strike procedure is not designed for challenging the legal sufficiency of a cause of action; using this vehicle to strike a whole cause of action on a substantive ground is error. (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1281; see also *Ferraro, supra,* 161 Cal.App.4th at p. 529 [objection that complaint fails to state facts sufficient to constitute a cause of action is ground for a general demurrer, not a motion to strike].)

## III. The Trial Court Erred By Dismissing Paule's Claims

Some appellate courts treat a mislabeled motion to strike as a demurrer or motion for judgment on the pleadings. (*Ferraro, supra,* 161 Cal.App.4th at p. 529; *Brandwein v. Butler* (2013) 218 Cal.App.4th 1485, 1497-1498.) Adopting the approach here, we do not apply the deferential standard of review that ordinarily applies when a motion to strike was granted on a ground authorized by section 436. (*Ferraro,* at p. 529 [order striking cause of action for failure to state a claim treated as order sustaining demurrer without leave to amend and reviewed de novo]; *Brandwein,* at pp. 1497-1498 [independent review of trial court's application of the law to conclude that plaintiff failed to state a claim as a matter of law]; see also *Velez v. Smith* (2006) 142 Cal.App.4th 1154, 1163 [de novo review when petition stricken for failure to state a claim].)

9

Because the crux of Asram's motion was that Paule's claims are barred as a matter of law by the 2019 Stipulation, we construe it as a general demurrer attacking the pleading for failing to state a cause of action against Asram. "In reviewing the sufficiency of a complaint against a general demurrer, we treat the demurrer as admitting all material facts properly pleaded, but not contentions or conclusions of law or fact. When court records which the court may judicially notice provide ground for objection to a complaint, a demurrer on that ground is proper." (*Britz, Inc. v. Dow Chemical Co.* (1999) 73 Cal.App.4th 177, 180; Evid. Code, § 452, subd. (d).) Whether an "appellant's complaint is barred on its face, or on the face of judicially noticeable matter" are questions of law subject to independent appellate review. (*Ferraro*, *supra*, 161 Cal.App.4th at p. 529.)

We conclude that Paule's claims should not have been dismissed on the ground that they are barred as a matter of law by the 2019 Stipulation. The 2019 Stipulation was filed with the court, making its existence a proper subject of judicial notice. (Evid. Code, § 452.) But material factual disputes regarding the interpretation and proper application of paragraph seven of the 2019 Stipulation preclude a finding at this stage in the litigation that Paule's claims against Asram are necessarily barred.

Paule opposed Asram's motion on the ground that the 2019 Stipulation does not bar her claims because the agreement she made was to dismiss her claims only if Asram prevailed at trial in the unlawful detainer case. Paule's primary argument in support of this position was that the word "prevails," as used in the context of the 2019 Stipulation, is ambiguous and should be construed in conformity with the parties' mutual intent; according to Paule, the parties mutually intended for Paule to receive a substantive ruling on her constructive trust claim, either in the unlawful detainer case or in the case

she previously filed. Asram disputed Paule's position, arguing that the word "prevails" is not ambiguous, and that Asram "did not 'intend' that the term 'prevail' would mean that Asram had to win at a jury trial."

The determination whether an ambiguity in contract language exists is a question of law. (*Wolf v. Superior Court* (2004) 114 Cal.App.4th 1343, 1350-1351 (*Wolf*).) Here, when the term "prevails" is considered in the context of the entire contract, it is subject to more than one reasonable interpretation. Paule takes the position that "prevails" means to prevail in a proceeding on the merits of the constructive trust claim, an interpretation that finds support in the context where this language is used. It appears in the paragraph immediately following Paule's undertaking not to object to a trial date in the unlawful detainer case that was "without prejudice to Paule (1) reserving her right to present all relevant evidence in support of her affirmative defense" of constructive trust, and "(2) reserving her right to a jury trial of her affirmative defense." By contrast, Asram adopts a broader meaning of prevails, encompassing a favorable judgment obtained on any ground. This interpretation finds support in the absence of language expressly limiting "prevails." As paragraph seven of the contract is reasonably susceptible to both readings, it is ambiguous. (*Wolf*, at pp. 1350-1351; see e.g., *Leadership Studies, Inc. v. Blanchard Training & Dev., Inc.* (S.D.Cal. 2017) 2017 U.S.Dist. Lexis 198975, *14, vacated in part on other ground, 2018 U.S. Dist. Lexis 60959 [covenant not to sue that is reasonably susceptible to multiple interpretations is ambiguous].)

When, as here, there are two plausible interpretations of a disputed contract term " ' "parol evidence is admissible to aid in interpreting the agreement, thereby presenting a question of fact." ' " (*Wolf*, *supra*, 114 Cal.App.4th at p. 1351.) "The test of whether parol evidence is admissible to

11

construe an ambiguity is not whether the language appears to the court to be unambiguous, but whether the evidence presented is relevant to prove a meaning to which the language is 'reasonably susceptible.' " (*Winet v. Price* (1992) 4 Cal.App.4th 1159, 1165.)  Moreover, when there is a conflict in the extrinsic evidence, "credibility determinations and the interpretation of the contract are questions of fact" that are properly resolved by a trier of fact. (*City of Hope National Medical Center v. Genentech, Inc.* (2008) 43 Cal.4th 375, 395; *Wolf*, at p. 1351.)

These settled principles preclude Asram from proving that the 2019 Stipulation on its face bars Paule's claims.  Accordingly, the order striking the causes of action alleged against Asram must be reversed.

## IV.  Unresolved Issues Pertaining To Judicial Estoppel

In opposing Asram's motion in the trial court, Paule argued that Asram is judicially estopped from taking the position that the word "prevails" means something other than prevails on the merits at trial.  Although the trial court did not address judicial estoppel in its order, the parties agree that the court made an implicit finding that the doctrine does not apply by granting Asram's motion to strike.  Paule appeals that ruling.

"Judicial estoppel 'prohibits a party from asserting a position in a legal proceeding that is contrary to a position he or she successfully asserted in the same or some earlier proceeding.' " (*Victrola 89, LLC v. Jaman Properties 8 LLC* (2020) 46 Cal.App.5th 337, 357 (*Victrola 89*).)  The determination whether judicial estoppel applies under the facts of a given case "is a question of law for the trial court." (*Kelsey v. Waste Management of Alameda County* (1999) 76 Cal.App.4th 590, 597.)  Absent a material factual dispute, the matter may be resolved in a summary proceeding.  (*Ibid*.)  However, disputes

12

about whether the factual elements of the doctrine are satisfied should be resolved by a trier of fact. (*Ibid.*)

"The elements of judicial estoppel are '(1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.' [Citations.] Even if the necessary elements of judicial estoppel are satisfied, the trial court still has discretion to not apply the doctrine." (*Owens v. County of Los Angeles* (2013) 220 Cal.App.4th 107, 121.)

In the trial court, Paule argued that judicial estoppel applies because Asram obtained a favorable ruling on its demurrer in the unlawful detainer case by purporting to share Paule's understanding that the word "prevails" in the 2019 Stipulation had a limited meaning. Only later, Paule argued, Asram changed its position about what prevails means to create a " 'gotcha' " and claim that Paule had to dismiss her claims because Asram prevailed in the unlawful detainer case. In responding to Paule's judicial estoppel theory, Asram disputed taking a different position in the unlawful detainer case and also disputed that the trial court adopted the inconsistent position that Paule attributes to Asram when it sustained the demurrer in the unlawful detainer case.

These arguments suggest that there may be an unresolved factual dispute pertaining to one or more elements of judicial estoppel. However, we cannot make that determination at this juncture because the appellate record does not incorporate pertinent court records from the demurrer proceeding in the unlawful detainer case. Nor can we determine from this record whether

13

the trial court made a discretionary decision in this case not to apply the judicial estoppel doctrine.[3]  Since we have already concluded that the order striking Paule's claims must be reversed, we leave these matters for the trial court to consider on remand.

## DISPOSITION

The judgment is reversed.  Costs are awarded to appellant.


TUCHER, P.J.


WE CONCUR:

FUJISAKI, J.
RODRÍGUEZ, J.


*Paule v. Asram Properties, LLC* (A161797)

---

[3]  We do note that the trial judge who granted Asram's motion to strike also sustained the demurrer in the unlawful detainer case.

14